Richard M. Rogers, #045843
Mayo & Rogers
114 Sansome Street, #1310
San Francisco, CA 94104
Telephone:  415/397-1515
Facsimile:   415/397-1540

Attorneys for Plaintiff
Alan Konig

# United States District Court
# Northern District of California

| | |
|---|---|
| Alan Konig,<br><br>    Plaintiff,<br><br>    v.<br><br>The State Bar of California, Lawrence J. Dal Cerro, Individually and in His Capacity as Assistant Chief Trial Counsel, Russell Weiner, Individually and in His Capacity as Deputy Chief Trial Counsel, Allen Blumenthal, Individually and in His Capacity as Supervising Deputy Trial Counsel, and Robert Hawley, Individually and in His Capacity as Deputy Executive Director,<br><br>    Defendants. | Case No. C04-2210 MJJ [ECF]<br><br>**First Amended Complaint for Damages and Other Relief Under the Civil Rights Act, 42 USC §1983 and the California Whistle-Blower Protection Acts**<br><br>**Demand For Jury Trial** |

## I. JURISDICTION

1.  The jurisdiction of this Court is based on 28 USC §1331 in that this action arises under the Constitution of the United Stated, Amendment 1 and Amendment XIV, and under the Civil Rights Act, 42 USC §1983, as hereinafter more fully appears. The Court has supplemental jurisdiction of Plaintiff's state statutory and common law claims. 28 USC §1367.

//

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial          1

## II. VENUE

2. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred in this district.

## III. PARTIES

3. At all times relevant, Plaintiff Alan Konig was employed by Defendant State Bar of California as a Deputy Trial Counsel within the Office of the Chief Trial Counsel ("OCTC") in San Francisco.

4. Defendant State Bar of California ("State Bar") is an organization created under California law to regulate the State's legal profession.

5. At all times relevant, Defendant Lawrence J. Dal Cerro was employed by Defendant State Bar as an Assistant Chief Trial Counsel, a managerial position, within OCTC in its San Francisco office.

6. At all times relevant, Defendant Russell Weiner was employed by Defendant State Bar as a Deputy Chief Trial Counsel, a managerial position, within OCTC in its Los Angeles office.

7. At all times relevant, Defendant Allen Blumenthal was employed by Defendant State Bar as a Supervising Deputy Trial Counsel, a supervisory position, within OCTC in its San Francisco office.

8. At all times relevant, Defendant Robert Hawley was employed by Defendant State Bar as the Deputy Executive Director, an executive and managerial position, within the Office of the Executive Director in San Francisco.

9. At all times relevant, Defendants were acting under color of state law.

## IV. GENERAL BACKGROUND

10. Plaintiff was admitted to the practice of law in California in December 1994. Since May 17, 1999, he has continuously been employed as a Deputy Trial Counsel with OCTC of Defendant State Bar. He has been responsible for the litigation of matters in the State Bar Court and, at times, the State's Superior Courts, related to attorney admission, licensing, regulation, and discipline.

//

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial     2

11. Beginning in or about May 2003, Plaintiff repeatedly advised Defendant Dal Cerro and, at times, Defendant Weiner, of rulings and orders in several State Bar Court matters that violated Defendant State Bar's state and federal constitutional rights, violated witnesses' state and federal constitutional rights, and disregarded binding precedent, including that of the California Supreme Court. Additionally, Plaintiff repeatedly advised Defendant Dal Cerro and, at times, Defendant Weiner, of conduct by the State Bar Court that was lacking in judicial decorum and contrary to the Code of Judicial Ethics which was adopted by the California Supreme Court and effective beginning January 1996.

12. Beginning in or about May 2003, Plaintiff consistently and repeatedly urged Defendant Dal Cerro to take appropriate and necessary action in response to the actions of the State Bar Court in order to protect the constitutional rights of Defendant State Bar and witnesses, and to ensure the adequate protection of the public, the legal profession, and the administration of justice. Plaintiff repeatedly informed Defendant Dal Cerro that if Defendant Dal Cerro was unwilling to take appropriate and necessary action or failed to take appropriate and necessary action that Plaintiff would be required to himself report the actions of the State Bar Court to the California Commission on Judicial Performance (CJP). Plaintiff's requests were rejected.

13. On September 11, 2003, Plaintiff submitted to Defendant Dal Cerro a memorandum detailing the lack of support Plaintiff received from Defendant Dal Cerro and Defendant Weiner, the lack of action in response to his reports of the actions of the State Bar Court, the malfeasance of Defendants in performing their statutory obligations, and the effects the actions of the State Bar Court and Defendants were having on the ability to protect the public, the legal profession, and the administration of justice.

14. Plaintiff formally complained to the CJP on November 3, 2003. Despite the confidentiality requirements of the CJP, Plaintiff's complaint to the CJP quickly became common knowledge within OCTC and Plaintiff was required to confirm that he had filed a complaint with the CJP.

//

//

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts – Demand for Jury Trial          3

15. On November 26, 2003, Plaintiff submitted, pursuant to California Government Code section 9149.21, a complaint to the State Bar Board of Governors (BOG) and the California Senate and Assembly Judiciary Committees. Defendants learned about the Complaint.

16. On December 8, 2003, Plaintiff submitted a complaint to the California State Personnel Board (SPB) and on December 17, 2003, Plaintiff submitted an addendum to the complaint to the SPB. Defendants learned about the Complaint.

17. Beginning in or about October 2003, Defendants have repeatedly directed Plaintiff to engage in activity or conduct that would violate the Rules of Procedure of the State Bar of California, the California Rules of Professional Conduct, and the State Bar Act as codified at California Business & Professions Code section 6000, *et seq.* Plaintiff has repeatedly refused to comply with each directive.

## V. RETALIATION
### [Cal. Labor Code §§1102.5(a), (b), and (e)]

18. Plaintiff incorporates by reference paragraphs 1 though 17 as though fully set forth herein and further alleges as follows:

19. California Labor Code section 1102.5(a) prohibits an employer from taking any action to prevent an employee from disclosing information to a government or law enforcement agency where the employee has reason to believe that the information discloses a violation of state or federal statute or a violation or noncompliance with a state or federal rule or regulation. Section 1102.5(b) prohibits an employer from retaliating against an employee who discloses a violation of state or federal statute or a violation or noncompliance with a state or federal rule or regulation. Such prohibitions extend to all employers, private and governmental. Pursuant to section 1102.5(e), a report made by an employee of a government agency to his employer is a disclosure of information subject to the provisions of section 1102.5(a) and section 1102.5(b).

20. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned, and encouraged action, including adverse employment action, against Plaintiff in an attempt to prevent, and in retaliation for, his stated intent to disclose, and

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial                     4

//

subsequent disclosure of, information of violations of state or federal statute or violations or noncompliance with state or federal rules or regulations.

21. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned, and encouraged the disparate and unfair treatment of Plaintiff in an attempt to prevent, and in retaliation for, his stated intent to disclose, and subsequent disclosure of, information of violations of state or federal statute or violations or noncompliance with state or federal rules or regulations.

22. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned and encouraged harassment of, and threats to, Plaintiff in an attempt to prevent, and in retaliation form, his stated intent to disclose, and subsequent disclosure of, information of violations of state or federal statute or violations or noncompliance with state or federal rules or regulations, by creating, encouraging, and/or permitting a hostile work environment in which the harassment and threats are sufficiently pervasive as to create an abusive and intolerable work environment which altered the conditions of his employment, breached the terms of his employment contract, and interfered with and undermined his personal sense of well being.

23. Defendants have failed to take reasonable steps to prevent and deter harassment of Plaintiff.

24. As a direct and proximate result of the Defendants' above wrongful conduct, Plaintiff has lost salary and other employment benefits to which he was entitled, in an amount to be proven at trial.

25. As a further direct and proximate result of the Defendants' above wrongful conduct, Plaintiff has suffered and continues to suffer great fear, anxiety, intimidation, stress, harassment, anger, loss of enjoyment of life, humiliation, physical and mental pain and anguish, and emotional distress and discomfort all to Plaintiff's general damage, in an amount to be proven at trial.

26. The above wrongful acts were done in whole or in part because of Plaintiff's stated intent to disclose and disclosure of information of violations of state or federal statute or violations or noncompliance with state or federal rules or regulations, and in doing the above wrongful acts,

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial    5

1  Defendants' conduct was willful, despicable, knowing, and intentional and Defendants have acted
2  with actual malice or wanton indifference to the rights of Plaintiff and Plaintiff is entitled to punitive
3  damages in an amount to be proven at trial.

4  27.  As a further direct and proximate result of the Defendants' above wrongful conduct,
5  Plaintiff has incurred and will continue to incur costs and attorney's fees.

## VI.  RETALIATION
### [Cal. Gov. Code §§9149.20, *et seq.*]

28.  Plaintiff incorporates by reference paragraphs 1 though 27 as though fully set forth herein and further alleges as follows:

29.  California Government Code section 9149.20, *et seq.*, prohibit any employee of a state agency or any public entity from directly or indirectly using or attempting to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the right of that person to disclose to a legislative committee improper governmental activities.

30.  In a continuing violation, beginning in or about November 2003, Defendants have participated in or permitted, condoned, and encouraged action, including adverse employment action, against Plaintiff in retaliation for his protected disclosures and designed to prevent Plaintiff from making protected disclosures.

31.  In a continuing violation, beginning in or about November 2003, Defendants have participated in or permitted, condoned, and encouraged the disparate and unfair treatment of Plaintiff in retaliation for his protected disclosures and designed to prevent Plaintiff from making protected disclosures in a manner which altered the conditions of his employment and interfered with and undermined his personal sense of well being.

32.  In a continuing violation, beginning in or about November 2003, Defendants have participated in or permitted, condoned and encouraged harassment of, and threats to, Plaintiff in retaliation for his protected disclosures and designed to prevent Plaintiff from making protected disclosures, by creating, encouraging, and/or permitting a hostile work environment in which the

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts – Demand for Jury Trial          6

1 harassment and threats are sufficiently pervasive as to create an abusive and intolerable work

2 //

3 environment which altered the conditions of his employment, breached the terms of his employment

4 contract, and interfered with and undermined his personal sense of well being.

5    33.    Defendants have failed to take reasonable steps to prevent and deter harassment of

6 Plaintiff.

### VII. TAMENY CLAIMS
### [Statutory and Common Law]

34.    Plaintiff incorporates by reference paragraphs 1 though 30 as though fully set forth herein and further alleges as follows:

35.    California Labor Code section 1102.5( c) , as well as *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d. 167 ("*Tameny* doctrine"), prohibits an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. The *Tameny* doctrine also prohibits an employer from retaliating against an employee for an unlawful reason or a purpose that contravenes fundamental public policy.

36.    In a continuing violation, beginning in or about September 2003, Defendants have participated in or permitted, condoned, and encouraged action, including adverse employment action, against Plaintiff in retaliation for his refusal to abide by directives to engage in activity and conduct that would violate the Rules of Procedure of the State Bar of California, the California Rules of Professional Conduct, and the State Bar Act codified at California Business and Professions Code section 6000, *et seq.*

37.    In a continuing violation, beginning in or about September 2003, Defendants have participated in or permitted, condoned, and encouraged the disparate and unfair treatment of Plaintiff in retaliation for his refusal to abide by directives to engage in activity and conduct that would violate the Rules of Procedure of the State Bar of California, the California Rules of Professional Conduct, and the State Bar Act codified at California Business and Professions Code section 6000, *et seq.*

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial    7

38. In a continuing violation, beginning in or about September 2003, Defendants have participated in or permitted, condoned and encouraged harassment of, and threats to, Plaintiff in retaliation for his refusal to abide by directives to engage in activity and conduct that would violate the Rules of Procedure of the State Bar of California, the California Rules of Professional Conduct, and the State Bar Act codified at California Business and Professions Code section 6000, *et seq.*, by creating, encouraging, and/or permitting a hostile work environment in which the harassment and threats are sufficiently pervasive as to create an abusive and intolerable work environment which altered the conditions of his employment, breached the terms of his employment contract, and interfered with and undermined his personal sense of well being.

39. Defendants have failed to take reasonable steps to prevent and deter harassment of Plaintiff.

## VIII.  CIVIL RIGHTS
42 U.S.C. § 1983

40. Plaintiff incorporates by reference paragraphs 1 though 27 as though fully set forth herein and further alleges as follows:

41. Section 1983 of Title 42 of the United States Code forbids an individual, while acting under color of state law, to deprive a citizen of a right secured by the Constitution or the laws of the United States.

42. Amendment I of the United States Constitution provides Plaintiff with a right to engage in speech free from government interference, control, limitation, or retaliation as well as petition the government for redress without government interference, control, limitation, or retaliation.

43. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned, and encouraged action, including adverse employment action, against Plaintiff in retaliation for the exercise of his First Amendment rights.

44. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned, and encouraged the disparate and unfair treatment of Plaintiff due to the exercise of his First Amendment rights.

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts  – Demand for Jury Trial           8

45. In a continuing violation, beginning in or about May 2003, Defendants have participated in or permitted, condoned and encouraged harassment of, and threats to, Plaintiff due to the exercise of his First Amendment rights, by creating, encouraging, and/or permitting a hostile work environment in which the harassment and threats are sufficiently pervasive as to create an abusive and intolerable work environment which altered the conditions of his employment, breached the terms of his employment contract, and interfered with and undermined his personal sense of well being.

### IX. CIVIL RIGHTS
42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 though 27 as though fully set forth herein and further alleges as follows:

47. Amendment XIV, Section 1, of the United States Constitution provides that no State shall deprive any citizen of the United States of life, liberty, or property, without due process of the law.

48. Pursuant to California and federal law and pursuant to the Memorandum of Understanding (MOU) between Plaintiff and Defendant State Bar, Plaintiff's employment with Defendant State Bar is not "at will" and is only terminable by Defendant State Bar for "good cause." Attached as Exhibit 1 is a true and correct copy of the pertinent portion of the MOU between Plaintiff and Defendant State Bar.

49. Pursuant to California and federal law, Plaintiff has a property interest in his employment with Defendant State Bar and Defendant State Bar can take no adverse employment action or disciplinary action against Plaintiff nor terminate his employment without due process of the law.

50. In a continuing violation, beginning in or about September 2003, Defendants have participated in or permitted, condoned, and encouraged action, including adverse employment action and discipline, against Plaintiff in violation of his Fourteenth Amendment right to due process of the law.

51. In a continuing violation, beginning in or about September 2003, Defendants have

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts – Demand for Jury Trial           9

participated in or permitted, condoned, and encouraged the disparate and unfair treatment of Plaintiff in violation of his Fourteenth Amendment right to due process of the law.

//

52. In a continuing violation, beginning in or about September 2003, Defendants have participated in or permitted, condoned and encouraged harassment of, and threats to, Plaintiff in violation of his Fourteenth Amendment right to due process of the law, by creating, encouraging, and/or permitting a hostile work environment in which the harassment and threats are sufficiently pervasive as to create an abusive and intolerable work environment which altered the conditions of his employment, breached the terms of his employment contract, and interfered with and undermined his personal sense of well being.

53. Defendants have failed to take reasonable steps to prevent and deter harassment of Plaintiff.

54. The above wrongful acts were done in whole or in part in violation of Plaintiff's Fourteenth Amendment right to due process of the law and in doing the above wrongful acts, Defendants' conduct was willful, despicable, knowing, and intentional and Defendants have acted with actual malice or wanton indifference to the rights of Plaintiff and Plaintiff is entitled to punitive damages in an amount to be proven at trial.

WHEREFORE, Plaintiff respectfully requests that this court grant the following relief:

A) A judgment awarding compensatory damages to be paid by Defendants as damages for Plaintiff's loss of compensation and related employment benefits and for Plaintiff's great fear, anxiety, intimidation, stress, embarrassment, anger, loss of enjoyment of life, humiliation, physical and mental pain and anguish, and emotional distress and discomfort by reason of Defendants' continued unlawful employment practices and violation of Plaintiff's civil rights;

B) A judgment awarding punitive and compensatory damages to be paid by Defendants in such amount as is determined by the court by reason of Defendants' continued unlawful employment practices and violation of Plaintiff's civil rights;

C) A judgment finding Defendants' actions against Plaintiff to be improper and ordering Defendants' to expunge all derogatory material from Plaintiff's personnel file or from any file within

KONIG/
COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts – Demand for Jury Trial                    10

1  Defendant State Bar, prohibiting any employee of Defendant State Bar from ever referring to the
2  derogatory material, ordering Defendant State Bar to complete a truthful and appropriate
3  performance evaluation of Plaintiff for the period of July 24, 2002 to July 24, 2003, restoring
4  Plaintiff to his original job assignment, returning to him the full and complete rights, benefits,
5  responsibilities and obligations of his original job assignment, reassigning him to all matters from
6  which he was removed, ceasing all baseless and unfounded criticism of Plaintiff and ceasing the
7  baseless and unfounded oversight of Plaintiff and his work, and permanently enjoining Defendants
8  from further retaliatory acts against Plaintiff;

9      D)    Reasonable attorney's fees;

10     E)    Such other and further relief as may seem just and proper to this court, together with
11 the costs and disbursements of this proceeding.

            Respectfully submitted,

Dated:   07/09/04             MAYO & ROGERS

By: /s/
    RICHARD M. ROGERS
    Attorneys for Plaintiff

## JURY TRIAL DEMAND

Plaintiff demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury of all issues properly triable to a jury.

            Respectfully submitted,

Dated:   07/09/04             MAYO & ROGERS

By: /s/
    RICHARD M. ROGERS
    Attorneys for Plaintiff

KONIG/COMPLAIN.1AM.wpd

First Amended Complaint for Damages and Other Relief Under the Civil Rights Act,
42 USC §1983 and the California Whistle-Blower Protection Acts – Demand for Jury Trial    11



1. Conversion to part-time status shall be approved only for compelling reasons such as family care, recovery from injury or illness, special advanced education in order to qualify for other State Bar positions, or for other urgent personal reasons.

2. At least one full-time Employee in each Group, collectively counting Employees in both bargaining units, shall be permitted to convert to a part-time work schedule at a time.

3. Conversion to part-time status shall in all instances be temporary and shall not exceed six months' duration. Extensions beyond six months may be considered in instances when no other full-time Employee within the relevant group seeks conversion to a part-time schedule.

4. Wages paid part-time Employees under this Section will be prorated to reflect the percentage that their part-time schedule is to a full-time work schedule. Part-time Employees under this Section shall be entitled to insurance benefits consistent with Section 35 of this Memorandum of Understanding.

5. Accumulation of and entitlement to other benefits shall be on a prorated basis.

6. The granting or denial of a regular full-time Employee's request to convert to a part-time work schedule under this Section, or to extend said schedule beyond six months, shall be within the sole discretion of the Employee's Senior Executive, and shall not be subject to the grievance procedure.

D. Casual status designates an employee who is employed on a temporary or intermittent basis. Such person may be employed for a specific period or may be employed intermittently, as his/her services are required.

E. Individuals employed on regular full-time or regular part-time status shall be terminable at will during their initial probationary period. Individuals employed on casual status shall be terminable at will by the State Bar.

F. A casual employee shall be terminated from employment with the State Bar on or before the completion of 1,000 hours of employment over the term of this Memorandum of Understanding unless he/she has applied and has been selected for a position as a regular full-time or regular part-time Employee. This Subsection F shall not apply where the casual employee is employed to replace a regular full-time or regular part-time

Attorney Unit                     22                     | EXHIBIT  1 |

regular full-time or regular part-time Employee. The maximum amount of severance pay shall be two weeks.

C.   Severance payments made to Employees pursuant to this Section shall be paid on the normal State Bar paydays commencing with the payday next following the effective date of the layoff. Such payments shall be in an amount equal to the Employee's daily pay computed at his/her straight-time hourly rate, for each workday during the period that he/she has been laid off and has not been recalled to employment by the State Bar pursuant to Section 14, Subsection I. Such payments shall continue until the Employee is recalled or until he/she has received the full amount of severance pay to which he/she is entitled pursuant to Subsection B of this Section, whichever occurs first.

D.   An Employee who has been recalled following a layoff shall accrue severance pay credit at the rate of .42 workdays per month (5 workdays per year) until the Employee has accrued the maximum severance pay to which he/she is entitled pursuant to Subsection B of this Section.

**SECTION 16.   DISCIPLINE**



A.   As used in this Memorandum of Understanding, "discipline" shall mean dismissal, involuntary demotion, suspension without pay or a written warning administered on a form to be provided by the State Bar.

B.   The State Bar adheres to the principle of progressive discipline. Normally, progressive discipline involves one or more verbal warnings, one or more written warnings, one or more suspensions of increasing length, and then termination. However, deviations from the normal progression may occur if the conduct at issue is sufficiently serious to warrant that one or more of the progressive steps be skipped. In particularly serious matters, termination may occur in the first instance.

C.   Each of the following constitutes independent cause for the discipline of an Employee who has completed his/her probationary period:

    1.   Fraud in securing employment;

    2.   Incompetence;

    3.   Failure to perform work in a prompt, courteous and efficient manner;

    4.   Inexcusable neglect of duty;

    5.   Insubordination;

Attorney Unit                    15

6. Dishonesty;

7. Inability to perform duties due to use of alcohol on duty or being under the influence of alcohol on duty;

8. Use or possession of illegal narcotics or substances on duty or being under the influence of illegal narcotics or substances on duty;

9. Unexcused absence without leave;

10. Conviction of a felony or conviction of a misdemeanor involving moral turpitude (a plea or verdict of guilty, or a conviction following a plea of nolo contendere, to a charge of a felony or any offense involving moral turpitude constitutes a conviction within the meaning of this Section);

11. Imposition of attorney discipline by the California Supreme Court or the State Bar Court;

12. Inappropriate treatment of the public, members of the State Bar or other employees;

13. Willful disobedience;

14. Misuse of State Bar property;

15. Violation of the provisions of this Memorandum of Understanding;

16. Refusal to take and subscribe any oath or affirmation which is required by law in connection with State Bar employment;

17. Excessive absenteeism and tardiness;

18. Other just cause.

D. All State Bar Employees shall have the right to have a Union representative present at any and all meetings which are conducted for the purpose of investigating Employee misconduct and which the Employee reasonably believes may lead to possible disciplinary action against him/her.

E. Upon the dismissal, involuntary demotion or suspension without pay of an Employee, written notice of the proposed action, the reasons therefor, a copy of the charges and a copy of the materials upon which the action is based shall be delivered to the Employee. The Employee shall be afforded the opportunity to respond, either orally or in writing, to the individual

| | | |
|---|---|---|
| 1 | *Konig v. State Bar, et al.* | USDC No. C04-2210 MJJ [ECF] |

## PROOF OF SERVICE

I declare that:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 114 Sansome Street, #1310, San Francisco, California, 94104.

On July 9, 2004, I served the documents named below on the parties in this action as follows:

FIRST AMENDED COMPLAINT

James M. Wagstaffe, Esq.
Kerr & Wagstaffe, LLP
100 Spear Street, #1800
San Francisco, CA 94105
415/371-0500 (FAX)

__X__ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice of Mayo & Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

__X__ (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above. The transmission was complete without error, and a copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

__ __ (BY PERSONAL SERVICE) I caused to be delivered by hand each such envelope to the addressee(s) noted above.

__ __ (BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier service each such envelope to the addressee(s) noted above.

__X__ I certify that the above-referenced documents were produced on paper purchased as recycled. [Superior Court Rule 201(d), Appellate Rule 40(o)]

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on July 9, 2004, at San Francisco, California.

_____
Deborah R. Rocha

Post-It™ Fax Note 7671 | Date 7/9 | # of pages 15
To | From
Co./Dept. | Co.
Phone # | Phone #
Fax # | Fax #

POS.DOC

Jul. 9. 2004  9:54AM                                                                          No.9944   P. 2

P. 1

\* \* \* Transmission Result Report(MemoryTX) ( Jul. 9. 2004. 9:51AM ) \* \* \*

1)
2)

Date/Time: Jul. 9. 2004  9:48AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 9943 | Memory TX | 3710500 | P. 15 | OK | |

Reason for error
 E.1) Hang up or line fail              E.2) Busy
 E.3) No answer                          E.4) No facsimile connection

---

*Konig v. State Bar, et al.*                                        USDC No. C04-2210 MJJ [BCF]

PROOF OF SERVICE

I declare that:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 114 Sansome Street, #1310, San Francisco, California, 94104.

On July 9, 2004, I served the documents named below on the parties in this action as follows:

FIRST AMENDED COMPLAINT

James M. Wagstaffe, Esq.
Kerr & Wagstaffe, LLP
100 Spear Street, #1800
San Francisco, CA 94105
415/371-0500 (FAX)

__X__ (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice of Mayo & Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

__X__ (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above. The transmission was complete without error, and a copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

____ (BY PERSONAL SERVICE) I caused to be delivered by hand each such envelope to the addressee(s) noted above.

____ (BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier service each such envelope to the addressee(s) noted above.

__X__ I certify that the above-referenced documents were produced on paper purchased as recycled. [Superior Court Rule 201(d), Appellate Rule 40(a)]

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on July 9, 2004, at San Francisco, California.

Deborah R. Rocha