E-filing

FILED
JAN 0 3 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN KONIG, | No. C 04-02210 MJJ |
| Plaintiff, | **ORDER DENYING MOTION TO DISQUALIFY** |
| v. | |
| STATE BAR OF CALIFORNIA, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Alan Konig's Motion to Disqualify Judge and Vacate Judgment (Doc. #151). Defendants Lawrence Dal Cerro, Russell Weiner, Allen Blumenthal, and Robert Hawley (collectively, "Defendants") have filed an Opposition (Doc. #155), and Plaintiff has filed a Reply (Doc. #161). For the following reasons, the Court **DENIES** Plaintiff's Motion.

**I.   Introduction**

On June 4, 2005, Plaintiff filed a Complaint against the State Bar of California and Defendants,[1] asserting claims under 42 U.S.C. § 1983 for violation of his rights under the First and Fourteenth Amendments, violation of California Labor Code § 1102.5, violation of California Government Code § 9149.20, and for violation of public policy. After Plaintiff filed a First Amended Complaint, Defendants moved to dismiss Plaintiff's lawsuit based on Eleventh Amendment immunity. The Court granted Defendants' Motion in part and denied it in part, finding that the State Bar and Defendants in their official capacities were immune from suit under the Eleventh Amendment. The Court also

---

[1] Defendants hold supervisory or managerial positions at the State Bar.

dismissed Plaintiff's other state-law claims, leaving only his § 1983 claims against Defendants. Plaintiff thereafter filed a Second Amended Complaint, re-asserting his § 1983 claims against Defendants for violation of his First and Fourteenth Amendment rights. The Court subsequently granted partial summary judgment in favor of Defendants on Plaintiff's Fourteenth Amendment claim. Defendants then moved for summary judgment on Plaintiff's remaining § 1983 claim for violation of Plaintiff's First Amendment rights. On October 11, 2005, the Court granted Defendants' Motion, and directed the Clerk of the Court to enter judgment in favor of Defendants.

On October 31, 2005, Plaintiff filed a Motion for Reconsideration of the Court's Order granting summary judgment in favor of Defendants on his First Amendment-based claim. Soon thereafter, Plaintiff filed the instant Motion, asserting that the Court is required to recuse off this case because of purported associations and activities with the State Bar.

## II.   Legal Standard

As a general rule, judicial impartiality is presumed. *First Interstate Bank of Ariz., N.A. v. Murphy, Weir, & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Concomitantly, the judge bears the burden of maintaining impartiality and the appearance of impartiality. *Id.* When a judge's impartiality might reasonably be questioned or when an actual conflict of interest exists, the judge must recuse from a pending case. Specifically, the federal statute governing recusal and disqualification, 28 U.S.C. § 455, provides in pertinent part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
> . . . .
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
> . . . .
> (4) He knows that he, individually or as a fiduciary, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
> . . . .
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such person:
> . . . .

                (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding[.]

Thus, "[s]ection 455(a) covers circumstances that *appear* to create a conflict of interest, whether or not there is actual bias." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). Section 455(b), on the other hand, addresses situations in which an actual or apparent conflict exists.[2] *Id.*; *see Herrington v. County of Sonoma*, 834 F.2d 1488, 1502 (9th Cir. 1988).

        As the Supreme Court explained, "The goal of section 455(a) is to avoid even the appearance of partiality. If it would appear to a reasonable person that a judge has knowledge of facts that would give him an interest in the litigation then an appearance of partiality is created even though no actual partiality exists because the judge does not recall the facts, because the judge actually has no interest in the case or because the judge is pure in heart and incorruptible." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 861 (1988). Stated another way, "Section 455(a) asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens v. United States Dist. Court for the Cent. Dist. of Cal.*, 2005 WL 2979078, at *2 (9th Cir. Nov. 7, 2005) (quoting *In re Mason*, 916 F.2d 384, 385 (9th Cir. 1990)). The Court engages in this inquiry "from the perspective of a reasonable observer who is informed of all the surrounding facts and circumstances." *Cheney v. United States Dist. Court for the District of Columbia*, 124 S. Ct. 1391, 1400 (2004) (internal quotations omitted). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Clemens*, 2005 WL 2979078, at *2.

        Additionally, "[i]n determining whether disqualification is warranted under § 455(a), [the Court] appl[ies] the general rule that questions about a judge's impartiality must stem from 'extrajudicial' factors, *Liteky v. United States*, 510 U.S. 540, 544 (1994), that is, from sources other than the judicial proceedings at hand." *Id.* (citing *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991)); *Herrington*, 834 F.2d at 1502. Moreover, because § 455(a) claims are fact-driven, the Court's analysis "must be guided, not by comparison to similar situations addressed by prior jurisprudence, but rather by

---

[2] In his Motion, Plaintiff only cites § 455(a) as a basis for disqualification. The Court therefore focuses its analysis on this section.

3

an independent examination of the unique facts and circumstances of the particular claim at issue." *Id.* (quoting *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999)).[3] Against this backdrop, the Court is mindful that "a judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Id.* (internal quotations omitted).

### III. Discussion

In his Motion, Plaintiff contends that, "[t]hroughout the pendency of this matter, Plaintiff has sensed a type of hostility from the Court to either him or his case which was manifested in the language, tone, and conclusions reached in the Court's two orders prior to its October 17 Order." Additionally, after reading the Court's rulings, Plaintiff explains that he began to question the Court's impartiality, which led Plaintiff to suspect that "either a past or present association between the Court and the State Bar, Defendants, or both," was the cause of the alleged partiality. Specifically, Plaintiff alleges:

> The Court has had, and continues to have, significant and lucrative involvement with the State Bar which has existed for several years and continues to exist today. The involvement with the State Bar has included serving on its committees (including one committee to which the Court was specifically chosen by the State Bar to serve as its representative); having a legal extern selected for a State Bar scholarship; serving as a panelist in one or more presentations sponsored by the State Bar; and, agreeing to the State Bar sponsoring a luncheon for the Court for which a select few individuals were invited (Plaintiff not being one of those individuals).

According to Plaintiff, "the last activity is particularly troubling given it occurred in April 2005 which was the exact time that Defendants were either filing their motions for summary judgment or obtaining favorable results to their motions for summary judgment." Plaintiff argues that the Court never disclosed its purported "significant involvement" with the State Bar and certain of the Bar's management and executive employees, and that this "failure to disclose the significant involvement to Plaintiff, the nature

---

[3] In *Clemens*, the Ninth Circuit cited with approval the following non-exhaustive list of matters ordinarily insufficient to require a judge to recuse pursuant to § 455(a): (1) rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matter; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterization appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats of other attempts to intimidate the judge. *Id.* at *2 (citing *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

4

and extent of the involvement itself, and the probability that the sheer number of manifest errors of fact and law that appear in the Court's October 17, 2005 Order granting Defendants' final motion for summary judgment are due to the Court's involvement with the State Bar, all compel the conclusion that the Court's impartiality might reasonably be questions." Plaintiff therefore asserts that the Court is mandated to recuse itself from this case and vacate its prior orders and judgment.

The key question is whether a reasonable person with knowledge of all the facts would conclude that the Court's impartiality might reasonably be questioned. The bulk of Plaintiff's allegations concern the Court's participation in State Bar programs and committees. Specifically, from 2003 to October 2005, the Court was a member of the California Commission on Access to Justice.[4] (Doc. #157, Viviano Decl. at ¶ 5). Plaintiff also accurately notes that the Court served as a faculty "Champions of the Courtroom: The Art of Trying Cases" Symposium, held from April 16-18, 2004, which was organized by the State Bar and the State Bar's Litigation and Labor and Employment Sections. (Doc. #158, Wilson Decl. at ¶ 7.) During the Symposium, the Court also served as the "presiding judge" for a presentation entitled "Direct and Cross Examination of a Sympathetic Plaintiff." (*Id.*)

Plaintiff also correctly points out that from 2002 to August 2005, the Court served as an advisor to the Litigation Section of the State Bar. (*Id.*) On April 7, 2005, the Litigation Section of the State Bar and the Northern California Chapter of the Association of Business Trial Lawyers organized a "brown bag luncheon" entitled, "Meet Judge Martin J. Jenkins." During the luncheon, the Court shared tips on effective oral and written advocacy, and answered questions relating to his courtroom protocol and other general questions. (*Id.*)

Considering these activities and events both individually, and collectively, the Court finds that they would not lead a reasonable person, fully informed of the surrounding facts and circumstances, to question the Court's impartiality in Plaintiff's case. In none of the activities or capacities identified above did the Court serve as a State Bar officer, gain any interest in State Bar's internal policies or personnel matters that were at the heart of Plaintiff's case, or take a position adverse to Plaintiff's position in this case. Rather, the Court's involvement in State Bar activities and committees has been

---

[4] As Defendants correctly point out, the Commission was established to review measures aimed at improving access to the judicial system for persons with low and moderate income. (Viviano Decl. at ¶ 4.)

limited to advisory and educational roles, both for the benefit of State Bar members and the general public.[5] To be sure, in none of the circumstances that Plaintiff has identified did the Court have any connection or involvement with the Office of Chief Trial Counsel. Moreover, the Court did not receive any formal remuneration for participating in these events. (Wilson Decl. at ¶ 7; Viviano Decl. at ¶ 5.) The Court therefore rejects Plaintiff's argument that the Court's prior involvements with the State Bar are grounds for the Court's disqualification in this matter.

Next, Plaintiff proffers that disqualification is appropriate because one of the Court's former externs, Kent Sprinkle, received a $2500 scholarship from the Foundation of the State Bar of California[6] in 2001. The Court was not a member of the Foundation's Scholarship Committee. Nor did the Court nominate, recommend, or otherwise assist Mr. Sprinkle in applying for the scholarship. (Hatamiya Decl. at ¶ 3.) Given these facts, there is no basis for a reasonable person to question the Court's impartiality in this matter.

Finally, Plaintiff proffers that on October 8, 2003, the Court recused from *Canatella v. State of California*, case number C 00-1105, in which the State Bar was a defendant. In his Declaration, Plaintiff states, "I am informed and believe that Judge Jenkins had no prior knowledge of involvement with the plaintiff, Richard Canatella, and had no conflict or bias related to Mr. Canatella." Thus, Plaintiff submits, "the apparent conflict for which Judge Jenkins felt a need to recuse himself must have related to the State Bar." Although Plaintiff speculates about the basis of the Court's recusal in the *Canatella* matter, Plaintiff has not presented any facts to substantiate his charge. Rather, his statement that the Court recused from that matter because the State Bar was a party amounts to nothing more than conjecture, and, in any event, does not provide any reasonable basis calling the Court's impartiality into question in this matter.

---

[5] As Defendants correctly point out, the Code of Conduct for United States Judges encourages federal judges to participate in activities concerning the judiciary and legal system aimed at improving the law, legal system, and the administration of justice. *See* Code of Conduct for United States Judges, Canons 4 & 5. In fact, the commentary to Cannon 4 provides that a judge is encouraged to engage in such activity, "either independently, *or through a bar association*, judicial conference, or other organization dedicated to the improvement of the law."

[6] The Foundation of the State Bar of California is an independent, nonprofit public benefit corporation incorporated under the Internal Revenue Code § 501(c)(3). (Doc. #156, Hatamiya Decl. at 2.)

## IV.     Conclusion

Accordingly, because the Court's impartiality cannot reasonably be questioned based on the associations and events that Plaintiff has set forth, recusal is inappropriate in this matter. The Court therefore **DENIES** Plaintiff's Motion to Disqualify Judge and Vacate Judgment (Doc. #151).

**IT IS SO ORDERED.**

Dated: 1/3/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE