E-filing

FILED
JAN 03 2006
RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALAN KONIG,

Plaintiff,

v.

STATE BAR OF CALIFORNIA *et al.*,

Defendants.

No. C 04-02210 MJJ

**ORDER DENYING MOTION FOR POST-JUDGMENT RELIEF**

Pending before the Court is Plaintiff Alan Konig's "Motion to Reconsider and Vacate Judgment, or to Alter or Amend Judgment or Grant a New Hearing" (Doc. #149). Defendants Lawrence J. Dal Cerro, Russell Weiner, Allan Blumenthal, and Robert Hawley have filed an Opposition to Plaintiff's Motion (Doc. #152). For the following reasons, the Court denies Plaintiff's Motion in its entirety.

I. Background

From May 17, 1999, to October 27, 2004, Plaintiff worked for the State Bar of California as Deputy Trial Counsel in the Office of the Chief Trial Counsel. Defendants also worked in the Office of the Chief Trial Counsel in either managerial or supervisory positions. In June 2004, Plaintiff filed a Complaint against Defendants, wherein he asserted a claim pursuant to 42 U.S.C. § 1983 for violation of his First Amendment right to free speech.[1] Specifically, Plaintiff alleged that after he began complaining about improper conduct of the State Bar Court, Defendants subjected him to a continuous

[1]Plaintiff also asserted a claim for violation of his due process rights under the Fourteenth Amendment. On April 6, 2005, the Court granted partial summary judgment in favor of Defendants on this claim.

United States District Court
For the Northern District of California

and pervasive campaign of retaliation and harassment. On March 22, 2005, Defendants moved for partial summary judgment on Plaintiff's First Amendment claim. (Doc. #70.) On October 11, 2005, the Court issued its Order granting Defendants' Motion. (Doc. #145.) Specifically, the Court found that Plaintiff failed to provide evidence demonstrating that Defendants' adverse actions against him were motivated by Plaintiff's protected speech. Because Plaintiff failed to raise a triable issue of fact on the issue of pretext, the Court held that Defendants were entitled to judgment as a matter of law on Plaintiff's First Amendment claim, and thus granted Defendants' Motion.

Plaintiff thereafter filed the instant Motion, requesting that the Court to vacate, alter or amend the Order Granting Defendants' Motion for Partial Summary Judgment on his First Amendment claim, and grant a new hearing on the matter. Defendants assert that Plaintiff's requested relief is unwarranted, and urge the Court to deny Plaintiff's Motion.

II. Legal Standard

Federal Rule of Civil Procedure 59(e) authorizes a party to file a motion to alter or amend a judgment within 10 days after entry of the judgment.[2] In particular, a Rule 59(e) motion is a proper vehicle for a party to seek reconsideration of a summary judgment ruling. *Tripati v. Hanman*, 845 F.2d 205 & n.1 (9th Cir. 1988). "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). The Ninth Circuit has admonished that, absent highly unusual circumstances, a district court should not grant a motion for reconsideration pursuant to Rule 59(e) unless: (1) the movant presents the court with newly-discovered evidence; (2) the court committed clear error that was manifestly unjust, or (3) there is an intervening change in controlling law. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). Additionally, the Ninth Circuit has advised that, "[a] Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have

[2]Although Rule 7-9 of the Local Rules of Civil Procedure for the District Court for the Northern District of California generally governs motions for reconsideration of interlocutory orders, because the Court's Order at issue here disposed of Plaintiff's entire lawsuit, Local Rule 7-9 is inapplicable.

United States District Court
For the Northern District of California

been raised earlier in the litigation." *Kona Enters.*, 229F.3d at 890.

III. Discussion

As indicated above, the Court may grant a motion for reconsideration in three circumstances. Here, Plaintiff has not presented any newly-discovered evidence for the Court to consider, and does not contend that a change in law undermines the Court's prior decision. Instead, Plaintiff argues that the Court Order is "replete with factual and legal errors [resulting] in manifest injustice."[3] Based on such errors, Plaintiff asserts that the Court must vacate its prior Order granting summary judgment in favor of Defendants.

Initially, Plaintiff charges that certain "general and overriding errors" permeate the Order. (Motion at 9.) Specifically, Plaintiff contends that: (1) the Court impermissibly relied on Defendants' brief, rather than evidence in support of several of its statements and conclusions; (2) the Court failed to include specific citations to the evidentiary record throughout the Order; (3) the vast majority of the alleged facts in the first 10 pages of the Order come from Defendants' Declaration and Motion, rather than from Plaintiff's declarations; (4) the Order "does not in any way contain a single positive or favorable aspect of Plaintiff's employment history prior to and at the State Bar that was detailed in [Plaintiff's] January 18, 2005 declaration [] and his April 5, 2005 declaration []; and Exhibits 1-3,"; and (5) the Order fails to include the numerous instances that Defendant Dal Cerro lied under penalty of perjury as detailed in Plaintiff's April 5, 2005 Declaration.

In the same vein, Plaintiff dedicates five pages of his Motion to identifying segments of the Court's Order that Plaintiff argues contains factual errors. With a few exceptions, Plaintiff challenges nearly the entire Factual Background portion of the Court's Order. Defendants concede that there are three actual inaccuracies in the Court's Order, namely, that Robert Hawley's title is "Deputy Executive Director of the State Bar" rather than the "Deputy Executive Director of the Office of the Chief Trial Counsel"; that the review discussed in footnote six is Plaintiff's 2001-02 review, rather than his 2002-03 review; and that the Court mistakenly reviewed Exhibit 16 to Plaintiff January 18, 2005 Declaration, as opposed to Exhibit 16 of his April 5, 2005 Declaration. Nevertheless, Defendants argue that these errors

---

[3]According to Plaintiff, "there are too many instances of error in the Order to Comprehensively state each one in this [M]otion." As a result, Plaintiff explains that he has limited his analysis to either the most obvious or most significant errors."

United States District Court
For the Northern District of California

do not support reversal of the Court's decision. The Court agrees with Defendants.

The Court has considered each of Plaintiff's proffered claims regarding general errors and specific factual errors, and finds Plaintiff's challenges meritless. As set forth in the Court's prior Order, the Court compiled the factual summary directly from the parties' summary judgment materials, and identified all disputed facts as such. Based on the evidentiary record, the Court determined the material facts and those that were genuinely disputed. Although Plaintiff may have a different interpretation of the facts or believe that the Court should have included additional facts that, in Plaintiff's view, were pertinent to his claim, the Court has already made this determination based on the parties' submissions. Plaintiff has not presented any persuasive argument compelling the Court to modify or otherwise reconsider its findings of fact or controlling law. Further, to the extent that parties have mutually identified certain factual inaccuracies in the Court's Order, the Court finds them inconsequential to the Court's analysis of Plaintiff's First Amendment claim. Accordingly, neither Plaintiff's claim of generalized error or factual error provides a basis for the Court to grant Plaintiff's Motion.

Finally, Plaintiff argues that, "[b]ecause the entirety of the Order is an incorrect statement of facts and errors of fact, it necessarily follows that the conclusions of law that are based on those factual errors are also erroneous." Particularly, Plaintiff states that he "respectfully disagrees with the Court that *Hufford v. McEnaney*, 249 F.3d 1142 (9th Cir. 2001) is limited in the fashion that the Court has chosen to limit it." Next, Plaintiff opposes the Court's finding that the record was replete with Plaintiff's personal complaints about Defendants' alleged conduct toward him, and argues that the Court's conclusion that Plaintiff's refusal to comply with his supervisors' directives did not constitute protected speech. Additionally, Plaintiff submits that "[t]he entirety of the Court's analysis and conclusions related to Defendant Hawley are erroneous as they are based on clearly erroneous statements of fact that in no way either acknowledged or credited Plaintiff's declarations and other evidence." Plaintiff also contends that the Court erred in finding that Defendants would have taken the same actions regardless of Plaintiff's protected conduct. Plaintiff further advances that footnotes 17 and 18 of the Court's Order are erroneous, and that "all of the asserted justifications for Defendants' actions relied upon the Court in its section of the Order related to justification and pretext [are] erroneous."

Again, the Court has carefully considered Plaintiff's challenges. Although it is evident that

Plaintiff adamantly disagrees with the Court's legal conclusions, Plaintiff has not presented any argument persuading the Court to deviate from its analysis. Rather, Plaintiff seeks to relitigate issues previously briefed and considered by the Court in resolving Defendant's Motion for Partial Summary Judgment. While Plaintiff is free to raise such arguments on appeal, they are inappropriate in the context of a Rule 59(e) motion.

IV. Conclusion

In sum, the Court holds that Plaintiff has failed to present any grounds warranting modification or reversal of the Court's Order granting summary judgment in favor of Defendants on Plaintiff's First Amendment claim. Consequently, the Court **DENIES** Plaintiff's Motion (Doc. #149) in full. All other pending motions are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: 1/3/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE