IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN KONIG,<br><br>    Plaintiff,<br><br>  v.<br><br>LAWRENCE J. DAL CERRO, RUSSELL<br>WEINER, ALLEN BLUMENTHAL, and,<br>ROBERT HAWLEY,<br><br>    Defendants.<br>                                            / | No. C 04-02210 WHA<br><br>**ORDER DENYING MOTION<br>FOR REVIEW OF CLERK'S<br>TAXATION OF COSTS** |

**INTRODUCTION**

This action was brought under the Civil Rights Act and the California Whistle-Blowers Protection Act. Judgment was entered against plaintiff on October 17, 2005. Costs were taxed on July 31, 2008. Plaintiff now moves for review of the clerk's taxation of costs. Because this order finds that plaintiff waived his right to challenge costs, the motion is **DENIED**.

**STATEMENT**

Defendants filed a bill of costs with the clerk of the court on October 20, 2005, and served it on plaintiff. Defendants claimed $17,104.95 in costs for deposition transcripts and video recordings. Any objections to a bill of costs under Local Rule 54-2 must be filed within ten days of its service. Plaintiff did not file objections. But, plaintiff disputed some of the costs in a letter to defendants on November 11. Defendants maintained that they were entitled to all but one of the items specified in the bill of costs, a deposition charge for $260. Still, defendants

offered to compromise and to "prepare a stipulated adjustment of the cost bill in the amount of $15,421.59" (Br. Exh. 1).  Plaintiff did not respond to defendants' offer.

The clerk's office took no action on the bill of costs until July 30, 2008.  That was the day the appellate record was returned to the court.  It was also the same day that defendants contacted the clerk's office to inquire about their bill of costs.  The clerk taxed costs on July 31 and served the bill by mail.  Plaintiff received notice on August 2.  Plaintiff timely filed his motion for review of the clerk's taxation of costs on August 7.[1]

Plaintiff moves for review of the clerk's taxation of costs on three main grounds. *First*, plaintiff asserts that the doctrine of laches protects him from a cost award because defendants did not inquire about the bill of costs for nearly three years.  *Second*, plaintiff asserts that defendants improperly used the Federal Rules of Civil Procedure by spurring the clerk to tax costs while plaintiff is mounting a related action in state court.  And, *third*, plaintiff asserts that even if the Court allows defendants to claim costs, the clerk improperly taxed them.  Defendants assert that plaintiff waived his right to challenge costs by failing to file objections to the bill of costs.

**ANALYSIS**

**1.    RULE 54(d).**

Rule 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. The clerk may tax costs on one-day's notice.  On motion served within the next five days, the court may review the clerk's action."  Rule 54(d) creates a presumption that the prevailing party will be awarded its taxable costs.  To overcome this presumption, a losing party must establish a reason to deny costs.  *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006).[2]

Defendants were the prevailing party.  Judgment was entered against plaintiff on October 17, 2005, and it was affirmed on appeal.  Defendants filed a bill of costs for $17,104.95 on October 20.  Local Rule 54-2 requires an opposing party to file objections with the clerk of

---
[1] Under Rule 6 plaintiff had until August 11 to file his motion.

[2] Unless indicated otherwise, internal citations are omitted from all quoted authorities.

2

the court within ten days of the service of the bill of costs. Plaintiff filed no objections and only now seeks a review of the clerk's taxation of costs.

Plaintiff waived his right to challenge the cost award by not filing objections per Local Rule 54-2. Local rules govern filing deadlines and requirements for objections to cost awards under Rule 54(d). *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 695–696 (8th Cir. 2001). Local rules in the Northern District of California establish that a party opposing a bill of costs *must* file specific objections within ten days after its service:

> Within 10 days after service by any party of its bill of costs, the party against whom costs are claimed *must* serve and file any specific objections to any item of cost claimed in the bill, succinctly setting forth grounds of each objection.

Civil L.R. 54-2 (emphasis added). In *Martin*, the Eighth Circuit considered the effect of a party's failure to follow a similar local rule. That rule stated:

> Each party objecting to a bill of costs shall file, within fourteen days of being served, a memorandum stating specific objections.

E.D. Mo. L.R. 54-8.03(A). The plaintiff did not file specific objections per the local rule. *Martin* held that the district court did not abuse its discretion in taxing costs against the plaintiff because she filed no objections to the bill of costs. *Ibid*. Thus, the plaintiff effectively waived her right to challenge costs because she did not file objections. Local Rule 54-2 can be read to have a similar effect because it is the opposing party's burden to rebut the presumption that costs should not be awarded to the prevailing party. By not filing objections to the bill of costs, the opposing party has not met its burden. *Ibid*.

Furthermore, if the failure to file objections does not operate as a waiver to challenge costs, then Local Rule 54-2 is essentially rendered nugatory. A party could choose to withhold objections until the clerk's office makes its assessment, and then object for the first time in a motion before the district judge for review of the clerk's taxation of costs. This would allow a party to circumnavigate the process for cost awards that the Northern District has established for Rule 54(d) motions. Trial judges would be burdened and, of equal importance, clerks would be forced into the position of having to rule on items without knowing the extent of any objections. *In re Paoli R.R. Yard PCB Litigation*, 221 F.3d 449, 453 (3d Cir. 2000).

3

This would be topsy-turvey. The objection should be made *before* the decisionmaker has to rule. To remain silent and let the clerk rule only then to raise objections is sandbagging of the worst sort.

Plaintiff, of course, contends that failure to file objections to the bill of costs per Local Rule 54-2 does not operate as a waiver of the right to challenge a cost award. Plaintiff argues that Local Rule 54-2 is permissive, not mandatory. In support of this argument, plaintiff points to another provision in Local Rule 54 that expressly states a condition upon which a party *would* waive a right under the rule:

> Any party who fails to file a bill of costs within the time period provided by this rule will be deemed to have waived costs.

The time period is fourteen days after entry of judgment. There is no similar provision stating that a party who fails to file objections to the bill of costs within the ten-day period waives its right to challenge the cost award. This omission, plaintiff contends, indicates that there is no waiver of the right to challenge a cost award if the challenging party does not file objections. This argument fails because it simply ignores the provision's mandatory term "must."

Plaintiff also contends that failure to file objections cannot operate as a waiver because Rule 54(d) allows a party to challenge costs *after* the clerk's taxation: "The clerk may tax costs on one day's notice. On motion served within the next 5 days, the court may review the clerk's action." This argument ignores the fact that local rules can establish filing deadlines and requirements for objections for Rule 54(d) motions. *Martin*, 251 F.3d at 695–96. Under Local Rule 54-2, the right to bring a Rule 54(d) challenge to a cost award is conditioned on having previously made an objection. If this was not the case, specific objections would be taken up for the first time by a district judge, severely burdening Northern District courts. A party has a right to demand judicial review of a cost award only if a proper motion has been filed in accordance with Rule 54(d), otherwise the right is waived. *Walker v. California*, 200 F.3d 624, 626 (9th Cir. 2000). A proper motion is brought when a party first files timely objections with the clerk. Plaintiff waived his right to challenge costs when he failed to do so.

4

1  Plaintiff's specific objections to the cost award will not be considered, with the
2  exception of a $260 fee for Dan Graff's deposition. Both parties agree that the charge was
3  erroneous. The cost award will be reduced by $260.

**2.  LACHES.**

Plaintiff contends that no costs should be awarded to defendants because they did nothing for nearly three years to assert their rights to have the clerk tax the costs. According to plaintiff, defendants are precluded from having costs awarded to them under the doctrine of laches. There are three main problems with plaintiff's argument.

*First*, plaintiff cites no decisions or statutes that indicate defendants were required to take any further action after filing their bill of costs with the clerk's office. *Second*, it was the clerk's office that delayed in taxing the costs, not defendants. And, *third*, even if the doctrine of laches applied, plaintiff cannot satisfy the elements of laches.

The defense consists of three elements: (1) a delay on the part of the plaintiff in instituting suit; (2) that is not excused; and (3) that results in undue prejudice to the defendant's ability to present an adequate defense. *Geyen v. Marsh*, 775 F.2d 1303, 1310 (5th Cir.1985). The first major problem with plaintiff's analysis is that defendants have not and are not bringing a *suit*. Furthermore, the delay, as was mentioned before, was the doing of the clerk's office, not defendants. Lastly, there was no undue prejudice because plaintiff was on notice three years prior that at least some costs would be awarded to defendants, yet plaintiff took no action to object to the defendants' bill of costs.

Plaintiff's closest cases are decisions concerning Equal Employment Opportunity Commission (EEOC) claims. The plaintiffs were barred from bringing suit under the doctrine of laches because they delayed anywhere from seven years to thirteen years. The plaintiffs argued that laches did not apply because the delay was caused not by them, but by the EEOC. The commission delayed in issuing them a right-to-sue letter, a requirement for bringing the suit. The courts did not accept this excuse.

Plaintiff, here, argues these decisions are analogous because defendants could have pressed the clerk's office to tax costs just as the plaintiffs in the EEOC cases could have pressed

5

the commission to issue the right-to-sue letters. There are two crucial differences. *First,* the plaintiffs there had a statutory right to demand a right-to-sue letter and, hence, an obligation to demand the letter. *National Association of Government Employees v. City Public Service Board of San Antonio,* 40 F.3d 698, 709 (5th Cir. 1994). Here, there was no such obligation. *Second*, the prejudice discussed in the EEOC cases had to do with the ability to defend oneself, not the disappointment of having to pay costs. *Cleveland Newspaper Guild v. Plain Dealer Publishing Co.*, 839 F.2d 1147, 1154 (6th Cir. 1988). The defendants in the EEOC cases were prejudiced by the delay in bringing suit because witnesses and records had disappeared. Here, plaintiff makes no such allegations. The doctrine of laches cannot protect plaintiff from the assessment of costs.

### 3. INAPPROPRIATE USE OF FEDERAL RULES.

Plaintiff contends that costs should not be awarded to defendants because they misused the Federal Rules of Civil Procedure by seeking costs in this action while a parallel suit was ongoing in state court. Plaintiff provides no case law or evidence to support this assertion other than the fact that after an unsuccessful mediation in the state action on July 30 defendants contacted the clerk's office to inquire about the costs in this action. Plaintiff received notice three days later. July 30 was also the same day that the appellate record was returned to the federal court. Rule 54 does not limit a prevailing party's ability to contact the clerk's office to inquire about a cost award. Rule 54 also does not forbid the clerk of the court from taxing costs upon return of the appellate record. Plaintiff's argument is without merit.

### CONCLUSION

For the foregoing reasons, plaintiff's motion is **DENIED**. The taxation of costs, however, is reduced by stipulation from $17,104.95 to $16,844.95.

**IT IS SO ORDERED.**

Dated: October 16, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6