1  JAMES M. WAGSTAFFE (95535)
   MICHAEL VON LOEWENFELDT (178665)
2  **KERR & WAGSTAFFE LLP**
   100 Spear St., Suite 1800
3  San Francisco, CA 94105–1528
   Tel: (415) 371-8500
4  Fax: (415) 371-0500

5  LAWRENCE C. YEE (84208)
   HEATHER A. IRWIN (203203)
6  **OFFICE OF GENERAL COUNSEL**
   **THE STATE BAR OF CALIFORNIA**
7  180 Howard Street
   San Francisco, CA 94105-1639
8  Tel: (415) 538-2000
   Fax: (415) 538-2321

9
   Attorneys for Defendants
10 LAWRENCE J. DAL CERRO; RUSSELL WEINER;
   ALLEN BLUMENTHAL; and ROBERT HAWLEY

11

12

13                UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15 ALAN KONIG,                        | Case No. C 04-02210 MJJ

16          Plaintiff,                | **DECLARATION OF EMILIA**
                                      | **MAYORGA IN SUPPORT OF**
17       v.                           | **DEFENDANTS' MOTION FOR**
                                      | **PARTIAL SUMMARY JUDGMENT ON**
18 LAWRENCE J. DAL CERRO; RUSSELL     | **PLAINTIFF'S DUE PROCESS CLAIM**
19 WEINER; ALLEN BLUMENTHAL; and
   ROBERT HAWLEY,                     |
20                                    | DATE:  February 8, 2005
          Defendants.                 | TIME:  9:30 a.m.
21                                    | DEPT:  11
22                                    | Hon. Martin J. Jenkins

23

24

25                      **REDACTED**

26              **RE-FILED PURSUANT TO**

27              **MARCH 3, 2009 ORDER**

28

1    I, Emilia Mayorga, hereby declare:

2        1.    I am an attorney licensed to practice before all courts in the State of California,

3    and am an associate in the law firm of Kerr & Wagstaffe LLP, attorneys of record for defendants

4    in this action. I have personal knowledge of the facts stated herein, and, if called as a witness,

5    could and would competently testify to them under oath.

6        2.    On October 28, 2004 and November 4, 2004, defendants took the deposition of

7    plaintiff Alan Konig in this matter. I attended that deposition.   Attached hereto as Exhibit A are

8    true and correct copies of pages 1, 7, 263, 264, 265, 266, 275, 278, 287, 415, 416, 417, 419, 421,

9    and 615 of the transcript of that deposition, with the exception that the name of an attorney

10   against whom no public charges were filed in a State Bar matter not discussed in the

11   accompanying motion has been redacted from page 266 to protect that person's privacy. The

12   redacted testimony is <u>not</u> cited in the accompanying motion, but appears on the same page as

13   cited testimony.

14       3.    Attached hereto as Exhibit B is a true and correct copy of a December 16, 2003

15   letter from Karen J. Brandt to Alan Konig. This document was marked as Exhibit 11 in Mr.

16   Konig's deposition, and was authenticated by Mr. Konig at page 265 lines 8 through 15.

17       4.    Attached hereto as Exhibit C is a true and correct copy of a December 24, 2003

18   letter from Karen J. Brandt to Alan Konig. This document was marked as Exhibit 13 in Mr.

19   Konig's deposition, and was authenticated by Mr. Konig at page 266 lines 5 through 12,

20   although the court reporter incorrectly transcribed the word "December" as "September".

21       5.    Attached hereto as Exhibit D is a true and correct copy of an email from Alan

22   Konig to Robin Haffner and Robert Henderson. This document was marked as Exhibit 8 in Mr.

23   Konig's deposition, and was authenticated by Mr. Konig at page 263 line 16 through 264 line 4.

24       6.    Attached hereto as Exhibit E is a true and correct copy of plaintiff Alan Konig's

25   Response to Interrogatories propounded by Allen Blumenthal, which was served on this office

26   by Mr. Konig's counsel on or about October 7, 2004.

27       ///

28       ///

1    I declare under penalty of perjury under the laws of the United States that the foregoing is

2    true and correct. Executed on December 9, 2004, at San Francisco, California.

3

4    *Emilia Mayorga*

5                                    Emilia Mayorga

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

CONFIDENTIAL - ATTORNEYS' EYES ONLY

UNITED STATES DISTRICT COURT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN KONIG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) No. C04-2210 MJJ |
| THE STATE BAR OF CALIFORNIA, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEPOSITION OF ALAN KONIG

OCTOBER 28, 2004

CASSANDRA RUSSELL
CSR # 11934
183656

**BARKLEY**
*Court Reporters*

| Los Angeles | Orange County | San Francisco | San Diego | Inland Empire | Palm Springs | San Fernando Valley | San Jose |
|---|---|---|---|---|---|---|---|
| (310) 207.8000 | (949) 955.0400 | (415) 433.5777 | (858) 455.5444 | (909) 686.0606 | (760) 322.2240 | (818) 702.0202 | (408) 885.0550 |

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          UNITED STATES DISTRICT COURT OF CALIFORNIA

2             NORTHERN DISTRICT OF CALIFORNIA

3

4    ALAN KONIG,                         )
                                         )
5                 Plaintiff,             )
                                         )  No. C04-2210 MJJ
     vs.                                 )
6                                        )
                                         )
     THE STATE BAR OF CALIFORNIA,        )
7    et al.,                             )
                                         )
8                 Defendants.            )
                                         )
     ─────────────────────────────────

9

10

11

12

13

14          VIDEOTAPED DEPOSITION OF ALAN KONIG

15              San Francisco, California

16             Thursday, October 28, 2004

17                     VOLUME I

18

19

20

21

22

23

24   REPORTED BY:  CASSANDRA RUSSELL

                   CSR No. 11934

25   JOB No.:      183656

ALAN KONIG - CONFIDENTIAL

BARKLEY

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1          MR. ROGERS:  Richard Rodgers appearing for          09:21 AM

2   the Plaintiff.          09:21 AM

3          VIDEOGRAPHER:  Will the Court Reporter please          09:21 AM

4   swear in the witness.          09:21 AM

5                  ALAN KONIG,          09:21 AM

6   having been first duly sworn by the Court Reporter,          09:21 AM

7        was examined and testified as follows:          09:21 AM

8          09:21 AM

9                  EXAMINATION          09:21 AM

10  BY MR. WAGSTAFFE:          09:21 AM

11     Q.  Good morning.  Could you state your name for          09:21 AM

12  the record?          09:21 AM

13     A.  First name is Alan, A-L-A-N; last name Konig,          09:21 AM

14  K-O-N-I-G.          09:21 AM

15          MR. WAGSTAFFE:  I'd like to make one note for          09:21 AM

16  the record.  I know Mr. Rogers does as well.  We will          09:21 AM

17  be designating this deposition transcript as          09:21 AM

18  confidential, pursuant to the protective order.  I          09:21 AM

19  will work with Mr. Rogers to the extent that when the          09:21 AM

20  transcript comes in there are parts that we think          09:21 AM

21  would not be confidential.          09:21 AM

22          MR. ROGERS:  Okay.  There's another note for          09:21 AM

23  the record.  Mr. Konig has resigned his employment.          09:21 AM

24  So there will a constructive wrongful termination          09:21 AM

25  component to the lawsuit.          09:21 AM

ALAN KONIG - CONFIDENTIAL

BARKLEY

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1      A.  No.  If I believed at the time that I filed          04:25 PM

2   that I had probable cause and something happened            04:25 PM

3   either prior to or during the trial that was beyond my      04:25 PM

4   control that prevented me from actually obtaining           04:25 PM

5   culpability, that's something that I can't take into        04:25 PM

6   consideration.                                              04:26 PM

7          THE REPORTER:  Counsel, can we take a break?         04:26 PM

8          MR. WAGSTAFFE:  Yes.  Thank you.                     04:26 PM

9          VIDEOGRAPHER:  Going off the record.  The            04:26 PM

10  time is 4:26 p.m..                                          04:26 PM

11             (Recess.)                                        04:26 PM

12         VIDEOGRAPHER:  Going back on the record.             04:40 PM

13  This marks the beginning of Tape 5 of Volume 1 in the       04:40 PM

14  deposition of Alan Konig.  The time is 4:40 p.m..           04:40 PM

15  BY MR. WAGSTAFFE:                                           04:40 PM

16     Q.  Mr. Konig, I'd like to show you what we'll           04:40 PM

17  mark as Defendants' 8.                                      04:40 PM

18             (Defendants' Exhibit 8 marked for                04:41 PM

19             identification by the Court Reporter.)           04:40 PM

20  BY MR. WAGSTAFFE:                                           04:41 PM

21     Q.  Mr. Konig, I'm showing you what has been             04:41 PM

22  Bates stamped as Defendants' 9413 and 9414.  I want to      04:41 PM

23  direct your attention to the text of the Email that's       04:41 PM

24  near the bottom of the first page from you to Robin         04:41 PM

25  Haffner and Robert Henderson, subject: Decision on          04:41 PM

Page 263

ALAN KONIG - CONFIDENTIAL

BARKLEY

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   Grievance.                                            04:41 PM

2          Is that a true-and-correct copy of your       04:41 PM

3   Email?                                               04:41 PM

4      A.  It appears to be, yes.                        04:42 PM

5      Q.  Thank you.                                    04:42 PM

6          Let's mark Defendants' Exhibit 9.             04:42 PM

7              (Defendants' Exhibit 9 marked for         04:42 PM

8              identification by the Court Reporter.)    04:42 PM

9   BY MR. WAGSTAFFE:                                    04:42 PM

10     Q.  Mr. Konig, I've given you what has been       04:42 PM

11  produced, I believe, by you, Bates stamps 1274 through   04:42 PM

12  1300.  The top of the first page is a letter from you    04:42 PM

13  dated December 8, 2003 to the State Personnel Board.     04:42 PM

14         Is that a true-and-correct copy of your       04:42 PM

15  letter to the State Personnel Board plus the         04:42 PM

16  attachment?                                          04:42 PM

17     A.  It appears to be, yes.                        04:42 PM

18     Q.  Mr. Konig, I am now preparing what we'll mark    04:43 PM

19  as Defendants' 10.                                   04:43 PM

20             (Defendants' Exhibit 10 marked for        04:43 PM

21             identification by the Court Reporter.)    04:43 PM

22  BY MR. WAGSTAFFE:                                    04:43 PM

23     Q.  Defendants' 10, also I believe produced by    04:43 PM

24  you, Mr. Konig, is Bates stamped 1301 through 1303, a    04:43 PM

25  letter dated December 17th, 2003 from you to the State   04:43 PM

Page 264

ALAN KONIG - CONFIDENTIAL

BARKLEY

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1   Personnel Board re an addendum to the complaint.                04:43 PM

2           Is that a true-and-correct copy of the letter          04:43 PM

3   and the attachment?                                            04:43 PM

4       A.  It appears to be, yes.                                 04:43 PM

5               (Defendants' Exhibit 11 marked for                 04:44 PM

6               identification by the Court Reporter.)             04:43 PM

7   BY MR. WAGSTAFFE:                                              04:44 PM

8       Q.  Mr. Konig, I'm showing you what we're marking          04:44 PM

9   as Defendants' No. 11, Bates stamped from your                 04:44 PM

10  production 1304 a letter dated December 16th, 2003             04:44 PM

11  from Karen J. Brandt to you.  She's from the                   04:44 PM

12  California State Personnel Board.                               04:44 PM

13          Does that appear to be a true-and-correct             04:44 PM

14  copy of the letter you received?                               04:44 PM

15      A.  It does.                                               04:44 PM

16      Q.  Continuing with the excitement.                       04:44 PM

17              (Defendants' Exhibit 12 marked for                 04:44 PM

18              identification by the Court Reporter.)             04:44 PM

19  BY MR. WAGSTAFFE:                                              04:44 PM

20      Q.  Mr. Konig, I placed before you what we'll             04:44 PM

21  mark as Defendants' Exhibit 12 from your Bates stamp          04:44 PM

22  batch 1305, 1306.  It appears to be a two-page letter         04:44 PM

23  from you to Ms. Brandt, dated December 22, 2003.              04:44 PM

24          Is that a true-and-correct copy of the letter         04:45 PM

25  you sent to Ms. Brandt on that date?                          04:45 PM

Page 265

ALAN KONIG - CONFIDENTIAL

BARKLEY
Court Reporters

CONFIDENTIAL - ATTORNEYS' EYES ONLY

1       A.  It appears to be, yes.                          04:45 PM

2            (Defendants' Exhibit 13 marked for             04:45 PM

3       identification by the Court Reporter.)              04:45 PM

4  BY MR. WAGSTAFFE:                                        04:45 PM

5       Q.  Mr. Konig, I placed before you Defendants'     04:45 PM

6  Exhibit 13 your Bates stamp batch 1307, a one-page      04:45 PM

7  letter dated September 24, 2002 from Ms. Brandt to      04:45 PM

8  you.                                                    04:45 PM

9            Does that appear to be a true-and-correct     04:45 PM

10 copy of the letter you received from Ms. Brandt on or   04:45 PM

11 about that date?                                        04:45 PM

12      A.  It does.                                        04:45 PM

13      ████████████████████████████████████               04:45 PM

14 ████████████████████████████████████████                04:46 PM

15 ████████████████████████████████████████                04:46 PM

16 ██████████████████████████████████                      04:46 PM

17 ██████████████                                          04:46 PM

18 ████████████████████████████████████████                04:46 PM

19 ████████████                                            04:46 PM

20 ██████████████████████████████████████                  04:46 PM

21 ████████████████████████████████████████                04:47 PM

22 ████████████████████████████████████████                04:47 PM

23 ██████████████████████████████                          04:47 PM

24 ██████████                                              04:47 PM

25 ████████████                                            04:47 PM

Page 266

ALAN KONIG - CONFIDENTIAL

CONFIDENTIAL - ATTORNEYS' EYES ONLY

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA          }
                             }    ss.
COUNTY OF YOLO               }

        I, Cassandra Russell, here by certify, I am a
duly qualified Certified Shorthand Reporter in the State
of California, holder of Certificate Number CSR 11934,
issued by the Court Reporter Board of California and
which is in full force and effect.  (Bus. & Prof. 8016)

        I am not financially interested in this action
am not a relative or employee of any attorney of the
parties, or of any of the parties.  (Civ. Proc. 2025 (k)
(1).)

        I am authorized to administer oaths or
affirmations pursuant to California Code of Civil
Procedure, Section 2093 (b) and prior to being examined,
the deponent was first duly sworn by me.  (Civ. Proc.
2025 (r) (1).)

        I am the deposition officer that
stenographically recorded the testimony in the foregoing
record of the testimony given.  (Civ. Proc. 2025 (r)
(1).)

ALAN KONIG - CONFIDENTIAL

BARKLEY

1    STATE OF CALIFORNIA           )
                                   )        ss.
2    COUNTY OF SAN FRANCISCO       )

3

4        I, Georgia Hardstark, authorized on

5    behalf of Barkley Court Reporters, registration number

6    X2009, to perform the duties as a Professional

7    Photocopier in the State of California, hereby certify;

8        The foregoing is a true and correct copy of

9    the original transcript of the stated proceeding.

10

11   Dated  11/3/04

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BARKLEY
Court Reporters

1       I have not and shall not offer or provide

2   any services or products to any party's attorney or

3   third party who is financing all or part of the action

4   without first offering same to all parties or their

5   attorneys attending the deposition and making same

6   available at the same time to all parties or their

7   attorneys.  (Civ. Proc. § 2025(k)(2).)

8       I shall not provide any service or product

9   consisting of the deposition officer's notations or

10  comments regarding the demeanor of any witness,

11  attorney, or party present at the deposition to any

12  party or any party's attorney or third party who is

13  financing all or part of the action, nor shall I collect

14  any personal identifying information about the witness

15  as a service or product to be provided to any party or

16  third party who is financing all or part of the action.

17  (Civ. Proc. § 2025(k)(3).)

18

19  Dated: _____11/03_____, 2004

20

21  Cassandra Russell

22

23

24

25

CERTIFIED COPY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALAN KONIG,                          )
                                     )
                    Plaintiff,       )
                                     )
        vs.                          ) No. C 04-02210 MJJ
                                     )
THE STATE BAR OF CALIFORNIA,         )
Etc., et al.,                        )
                                     )
                    Defendants.      )
                                     )
_____

VOLUME II

DEPOSITION OF ALAN KONIG

November 4, 2004

ANDREA ANGWIN
CSR No. 6988
186557



BARKLEY
Court Reporters

| Los Angeles | Orange County | San Francisco | San Diego | Inland Empire | Palm Springs | San Fernando Valley | San Jose |
|---|---|---|---|---|---|---|---|
| (310) 207.8000 | (949) 955.0400 | (415) 433.5777 | (858) 455.5444 | (951) 686.0606 | (760) 322.2240 | (818) 702.0202 | (408) 885.0550 |

1              UNITED STATES DISTRICT COURT

2          NORTHERN DISTRICT OF CALIFORNIA

3

4   ALAN KONIG,                    )
                                   )
5                   Plaintiff,     )
                                   )   No: C 04-02210 MJJ
6            v.                    )
                                   )
7   THE STATE BAR OF CALIFORNIA,   )
    LAWRENCE J. DAL CERRO,         )
8   RUSSELL WEINER,                )
    ALLEN BLUMENTHAL, and          )
9   ROBERT HAWLEY,                 )
                                   )
10                  Defendants.    )
                                   )
    _____

11

12

13

14

15          DEPOSITION OF ALAN KONIG

16        VOLUME 2; PAGES 278 - 616

17             NOVEMBER 4, 2004

18        SAN FRANCISCO, CALIFORNIA

19

20

21

22

23

24   Reported by:
     Andrea Angwin, RPR, CSR, CCR        Job 3-186557
25   CSR License 6988

                          278

                ALAN KONIG, VOLUME II

1    Plaintiff.

2              THE VIDEOGRAPHER:  Would the court

3    reporter please swear in the witness?

4              DEPOSITION OFFICER:  Would you raise your

5    right hand, please?

6              Do you solemnly swear that the testimony

7    you are about to give in the matter now pending

8    shall be the truth, the whole truth, and nothing but

9    the truth, so help you God?

10             THE WITNESS:  I do.

11

12                     EXAMINATION

13       BY MR. WAGSTAFFE:  Q  Good morning,

14   Mr. Konig.

15       A    Good morning.

16       Q    You understand you are still under oath

17   here today?

18       A    Correct.

19       Q    And if I ask you a question you do not

20   understand, will you tell me?

21       A    Yes.

22       Q    Have you reviewed any documents of any kind

23   or any paperwork or e-mail since the time we were

24   last together?

25       A    I've briefly read the Addington Report and

                         287

              ALAN KONIG, VOLUME II

BARKLEY
Court Reporters

1   grievance process?

2      A   All of it.

3      Q   What about the meeting was insulting and

4   demeaning?

5      A   The entirety of the meeting.

6      Q   In what way?

7      A   It was so readily apparent that it was a

8   predetermined conclusion and that there was no due

9   process, no consideration of the requirements of the

10   MOU, that it didn't matter what I said or what I

11   presented, it wouldn't have made a difference and

12   both Mr. Dal Cerro and Ms. Lee-LaMark were just rude

13   and hostile and insulting.  They showed no

14   appearance of impartiality or neutrality at all.

15      Q   Mr. Dal Cerro and Mr. Steedman were there;

16   right?

17      A   Yes.

18      Q   And you had no objections to their being

19   present at the grievance, did you?

20      A   Well, I have objections, yes, to the

21   grievance process that the State Bar provides to its

22   employees and that was previously stated.

23      Q   You understood, though, that under the MOU

24   Mr. Dal Cerro and Mr. Steedman were required to be

25   there, didn't you?

BARKLEY
Court Reporters

1    A    I understood that to be, yes, the

2  provisions of the MOU.

3    Q    How was that the violation of the due

4  process?

5    A    Because they are the accusers and how can

6  the accusers serve as neutral fact finders in a

7  grievance?

8    Q    And you were made to go first; right?

9    A    Yes.

10   Q    And that was a violation of due process

11 rights; right?

12   A    As well as the MOU.

13   Q    And what were you subsequently prevented

14 from doing or receiving at this grievance?

15   A    I don't understand that question.

16   Q    Did anybody prevent you from presenting

17 information or listing information?

18   A    Yes, actually.  When we requested that the

19 State Bar proceed first as required by the MOU, they

20 refused.

21   Q    Anything else?

22   A    They refused to request the names of the

23 individuals who I said were witnesses to the event

24 that would disprove Mr. Steedman's allegations and

25 support my version of events, much less interview

416

ALAN KONIG, VOLUME II

BARKLEY
Court Reporters

1    them.

2         Q    And did you believe you were rude in

3    calling Mr. Steedman a liar?

4         A    Did I believe I was rude?

5         Q    Yes.

6         A    I believe I was honest.

7         Q    All right.  And not rude?

8         A    Well, "liar" by its very nature is probably

9    a rude term.

10        Q    And you decided to abandon the grievance

11   process, did you?

12        A    I did.

13        Q    And why did you do that?

14        A    For all of the reasons I just previously

15   stated.

16        Q    Well, one of the reasons was it was

17   meaningless; right?

18        A    Yes.

19        Q    And one of the reasons was because it had

20   become a drain on your time and you resources;

21   right?

22        A    To say the least.

23        Q    And you thought that the grievance process

24   was incestuous; right?

25        A    Yes.

BARKLEY
Court Reporters

1    NOVEMBER 4, 2004; SAN FRANCISCO, CALIFORNIA

2              12:48 P.M.

3

4         THE VIDEOGRAPHER:  Going back on the

5    record.  This marks the beginning of Tape 3 in

6    Volume 2 in the deposition of Alan Konig.  The time

7    is 12:48 P.M.

8

9              EXAMINATION

10        BY MR. WAGSTAFFE:  Q  Mr. Konig, we had--

11   Oh, I see.

12        Mr. Konig, at the time you made the

13   decision to not go forward with the grievance, had

14   you made a decision at that time that you would

15   pursue your rights through litigation?

16        A    No.

17        Q    Had you made a decision at the time that

18   you decided to not go forward with the grievance

19   that you would pursue your matter through the FEHA?

20        A    I know it was an option.  I don't know if I

21   made any conclusion about it, though.

22        Q    Without looking at anything, had you

23   consulted a lawyer?

24             I don't want to know what you did, but had

25   you consulted a lawyer as of January 13th, 2004?

                        419

                 ALAN KONIG, VOLUME II

BARKLEY
Court Reporters

1    Q    Did you ever file any complaints with the

2  Department of Fair Employment and Housing or the

3  EEOC?

4    A    Actually, with the Division of Industrial

5  Relations.  I don't know if that's the same as FEHA.

6    Q    Okay.  And what happened to that complaint,

7  to your knowledge?

8    A    It was terminated when I filed the Federal

9  complaint.

10    Q    What happened to your complaint with the

11  Personnel Board, to your knowledge?

12    A    It was returned to me.

13    Q    Did anybody ever explain to you in writing

14  or otherwise why it was being returned to you?

15    A    Yes.

16    Q    And what were you told?

17    A    I don't know word for word what she

18  indicated in the letter, but it indicated something

19  to the effect of the State Bar is not subject to the

20  provisions of some Government Code.  I don't

21  remember which Government Code.

22    Q    And did you ever respond to that?

23    A    Yes.

24    Q    And did you write a letter?

25    A    Yes.

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA        )
                           )    ss.
COUNTY OF SAN FRANCISCO     )


          I, Andrea Angwin, hereby certify:

          I am a duly qualified Certified Shorthand

Reporter in the State of California, holder of

Certificate Number CSR 7705 issued by the Court

Reporters Board of California and which is in full force

and effect.  (Fed. R. Civ. P. 28(a)).

          I am authorized to administer oaths or

affirmations pursuant to California Code of Civil

Procedure, Section 2093(b) and prior to being examined,

the witness was first duly sworn by me.  (Fed. R. Civ.

P. 28(a), 30(f)(1)).

          I am not a relative or employee or attorney or

counsel of any of the parties, nor am I a relative or

employee of such attorney or counsel, nor am I

financially interested in this action.  (Fed. R. Civ. P.

28).

          I am the deposition officer that

stenographically recorded the testimony in the foregoing

deposition and the foregoing transcript is a true record

/ / /

615

BARKLEY

1 STATE OF CALIFORNIA    )
               ) ss.
2 COUNTY OF LOS ANGELES  )

3

4    I, _Rafael Herrera_____ hereby certify:

5    I am an employee of Barkley Court Reporters,

6 duly authorized agent for the deposition officer that

7 stenographicaly recorded the testimony in the foregoing

8 proceeding and authorized to execute this copy

9 certificate.

10    The foregoing is true and correct copy of

11 the original transcript of the stated proceeding.

12

13 Dated __11/22/04_____

14

15

16

17

18

19

20

21

22

23

24

25

BARKLEY
Court Reporters

**EXHIBIT B**



CALIFORNIA STATE PERSONNEL BOARD

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov

ARNOLD SCHWARZENEGGER, Governor



Telephone: (916) 653-1403
Facsimile:  (916) 653-4256
TDD: (916) 653-1498

December 16, 2003

Alan Konig
77 Grand View Ave. #203
San Francisco, CA 94114

Re:    Your Whistleblower Retaliation Complaint
       SPB Case No. 03-3562

Dear Mr. Konig:

On or about December 11, 2003, the State Personnel Board received the whistleblower retaliation complaint you have sought to file in the above matter. Pursuant to Government Code § 19683, SPB has jurisdiction over whistleblower retaliation complaints filed by state civil service employees. Because employees of the State Bar are not state civil service employees, SPB has no jurisdiction to review your complaint. SPB is, therefore, closing its file in this matter.

Sincerely,

KAREN J. BRANDT
Senior Staff Counsel

EXHIBIT
Date: 10/28/04 Konig
CSR: C. Harper Russell

001304

**EXHIBIT C**



CALIFORNIA STATE PERSONNEL BOARD

801 Capitol Mall • Sacramento, California 95814 • www.spb.ca.gov

ARNOLD SCHWARZENEGGER, Governor



Telephone: (916) 653-1403
Facsimile: (916) 653-4256
TDD: (916) 653-1498

December 24, 2003

Alan Konig
77 Grand View Ave. #203
San Francisco, CA 94114

Re:   Your Whistleblower Retaliation Complaint
      SPB Case No. 03-3562

Dear Mr. Konig:

I am responding to your December 22, 2003 letter.

In your letter, you assert that Government Code § 19683 grants the State Personnel Board (SPB) jurisdiction over whistleblower retaliation complaints filed by all state employees, and not just state civil service employees. Government Code § 19683 is a provision within the State Civil Service Act, which begins at Government Code § 18500. Government Code § 18526 defines "employee," as used in the State Civil Service Act, to mean "a person legally holding a position in the state civil service." Thus, under Government Code § 19683, SPB has jurisdiction only over whistleblower retaliation complaints filed by state civil service employees

In your letter, you also assert that SPB disclosed the existence of your whistleblower retaliation complaint to Iola Lee-LaMark of the State Bar's Office of Human Resources. There is nothing in SPB's file to indicate that SPB ever notified Ms. Lee-LaMark about your complaint. However, the law does not require that SPB must maintain the confidentiality of the whistleblower retaliation complaints that are filed with it. To the contrary, once a whistleblower retaliation complaint is filed with SPB, it becomes a matter of public record subject to disclosure under the California Public Records Act, Government Code § 6520 et seq. Thus, any member of the public, including Ms. Lee-LaMark, may obtain access to the complaint you have filed with SPB.

Sincerely,

KAREN J. BRANDT
Senior ~~Staff~~ Counsel

EXHIBIT /2
Date: 10/29/04 Konig
CSR: C. Harper - Russell

[Konig-12-24-03-WB]

001307

**EXHIBIT D**

/O=KERRWAGSTAFFE/OU=KERRWAGSTAFFE01/CN=RECIPIENTS/CN=TEMP

| From: | Henderson, Robert |
|---|---|
| Sent: | Friday, January 16, 2004 2:47 PM |
| To: | Konig, Alan |
| Subject: | RE: Decision on Grievance |

Yep. Here you go. solidarity535@earthlink.net

Good luck.

Rob

———Original Message———
From: Konig, Alan
Sent: Friday, January 16, 2004 2:45 PM
To: Henderson, Robert
Subject: RE: Decision on Grievance

No prob. Do you by any chance have an e-mail address for Debra (Deborah?) Glasser? I want to e-mail her and see if she can forward my questions to legal counsel for SEIU for an opinion on which course to follow. Don't know if SEIU would even do it but I see no harm in asking. Thanks.

———Original Message———
From: Henderson, Robert
Sent: Friday, January 16, 2004 3:57 PM
To: Konig, Alan
Subject: RE: Decision on Grievance

Alan:

Sorry it has taken me so long to get back to you. I don't know how to advise you on which course of action to take. From where I stand it seems unlikely that management will move on the written warning, but I don't know what happens if you abandon the grievance process. Since I'm not knowledgeable about employment law I don't know what weight to give the case you pointed out.

I wish I could be more helpful.

Rob

———Original Message———
From: Konig, Alan
Sent: Tuesday, January 13, 2004 3:01 PM
To: Haffner, Robin; Henderson, Robert
Subject: Decision on Grievance

Hey kids,

I'm sure you've received the response to my grievance by now. If not, let me know and I'll shoot a copy to you. Here are my thoughts at this point and I wanted to get your input before making a final determination.

It is clear from the response that the performance evaluation will never be addressed through the grievance procedure or any other available internal procedure. That's really ludicrous and permits a supervisor to place any false information in an evaluation without fear of having to justify it or be held accountable for intentional false statements. Second, it is obvious to me that the culture in the State Bar continues to be that HR and management cover for one another regardless of the merits of any grievance. That HR sides with management every time is appalling given its function is to assist employees and not hinder them or side with management. I note in the response that many of the issues I raised in my written grievance, including blatant violation of the MOU by Jeff, are not even addressed. A step three result is a forgone conclusion in this thing and I see nothing to indicate any member of management will ever find fault in anything Don or Jeff did.

At this point I believe my most prudent course of action is to abandon the grievance process and step III for

1

DEPO EXHIBIT 8
Date: 10/28/04 Konig
CSR: C. Harper-Russell

DEF: 09413
CONFIDENTIAL

the grievance already heard and step 1 through 3 of the grievance yet to be heard (related to the 2nd warning letter). In addition to being a waste of my time, energy, and resources, there appears to be a significant legal reason for abandoning the grievance process. If you have the time, please take a look at *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1090, wherein the Supreme Court states there is no need to exhaust internal grievance procedures prior to proceeding with a claim under the California Fair Employment and Housing Act (FEHA) (Gov. Code section 12900, et seq.) with the Department of Fair Employment and Housing. However, if an employee chooses to fully utilize the internal grievance procedures of an employer, the employer's findings are binding on any subsequent FEHA claim. This means that any subsequent review by a court would be under a "substantial evidence" standard of review under which factual determinations are not subject to reexamination in a trial de novo but are to be upheld by a reviewing court if they are supported by substantial evidence.

On the other hand, by not permitting the State Bar to make its own findings and by pursuing the matter under FEHA, the grievance is heard by the Fair Employment and Housing Commission. This has significant substantive and procedural advantages because the Commission is an independent agency not subject to the pressures and internal incestuous relationships that exist here at the Bar, the Commission will represent me at a hearing if it determines a hearing should be held, all costs of investigating, conciliating, and prosecuting a valid claim is borne by the Commission, and if the Commission decides in my favor, it will conduct a compliance review to ensure the Bar is fully obeying the Commission's order. Additionally, if the Commission determines not to prosecute or reaches a decision adverse to me after prosecution, it issues a right to sue letter and any determination made by it is not binding on any court and any reviewing court would review the matter de novo, with no deference given to the Commission's decision, instead of under the "substantial evidence" standard.

I see nothing but disadvantages to pursuing the incestuous internal grievance procedure here and nothing but advantages to pursuing my matter through FEHA. Any thoughts? Thanks.

--Alan

2

DEF: 09414
CONFIDENTIAL

**EXHIBIT E**

1  RICHARD M. ROGERS, #045843
   MAYO & ROGERS
2  114 Sansome Street, #1310
   San Francisco, CA 94104
3  Telephone:    415/397-1515
   Facsimile:    415/397-1540
4
   Attorneys for Plaintiff
5  ALAN KONIG

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11
                              CASE NO. C04-2210 MJJ [ECF]
12  ALAN KONIG,                    )
                                   )
13          Plaintiff,             )  Case filed:   06/04/04
                                   )  Trial date:   TBA
14      v.                         )
                                   )
15  LAWRENCE J. DAL CERRO, Individually )  INTERROGATORIES
    and in His Capacity as Assistant Chief Trial )
16  Counsel, RUSSELL WEINER, Individually )
    and in His Capacity as Deputy Chief Trial )
17  Counsel, ALLEN BLUMENTHAL, )
    Individually and in His Capacity as )
18  Supervising Deputy Trial Counsel, and )
    ROBERT HAWLEY, Individually and in His )
19  Capacity as Deputy Executive Director, )
                                   )
20          Defendants.            )
                                   )
21
                PROPOUNDING PARTY:   Plaintiff ALAN KONIG
22
                RESPONDING PARTY:    Defendant ALLEN BLUMENTHAL
23
                SET NO.:             ONE
24
25      Pursuant to Rule 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff ALAN KONIG

26  requests that Defendant ALLEN BLUMENTHAL answer separately and fully in writing, under oath,

27  within 30 days of the date of service hereof, the following interrogatories.:

28  //

# INSTRUCTIONS

You must answer or provide another appropriate response to each interrogatory. Each answer must be as complete and straightforward as the information reasonably available to you permits. You must furnish all the information that is available to you, including that which is in the possession of your attorneys, agents, and investigators, not just the information of which you have personal knowledge. If an interrogatory cannot be answered completely, answer it to the extent possible.

If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response. As to each privileged DOCUMENT or COMMUNICATION, please IDENTIFY: its date; its author(s); the business title or position of its author(s); its recipient(s); the business title or position of its recipient(s); its number of pages; its subject matter; the legal basis upon which the privilege is claimed; and the specific portion of the interrogatory or DOCUMENT to which the COMMUNICATION or DOCUMENT is responsive.

If DOCUMENTS once in your possession or under your control are requested or are the subject of an interrogatory, and such DOCUMENTS are no longer in your possession or under your control, state when such DOCUMENTS were most recently in your possession or under your control, and what disposition was made of them, including identification of the PERSON now in possession of or exercising control over such DOCUMENTS. If the DOCUMENTS were

//

destroyed, state when and where they were destroyed, and identify the **PERSON** or **PERSONS** who directed their destruction.

Every interrogatory herein shall be deemed a continuing interrogatory and you are to supplement your answers promptly if and when you obtain relevant information in addition to, or in any way inconsistent with, your initial answer to such interrogatory.

Your answers to these interrogatories must be verified, dated, and signed.

## DEFINITIONS

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) **PERSON** and **INDIVIDUAL** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(b) **YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your **EMPLOYEES**, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

( c ) **EMPLOYMENT** means a relationship in which an **EMPLOYEE** provides services requested by or on behalf of an **EMPLOYER**, other than an independent contractor relationship.

(d) **EMPLOYEE** means a **PERSON** who provides services in an **EMPLOYMENT** relationship. For purposes of these interrogatories, **EMPLOYEE** means any **PERSON** in an **EMPLOYMENT** relationship with the **EMPLOYER**.

(e) **EMPLOYER** means a **PERSON** who employs an **EMPLOYEE** to provide services in an **EMPLOYMENT** relationship. For purposes of these interrogatories, **EMPLOYER** means you, the State Bar of California, and any and all of its agents, representatives, **EMPLOYEES**, servants, consultants, contractors, subcontractors, investigators, attorneys, and any and all other **PERSONS** or entities acting or purporting to act on behalf of the State Bar of California.

(f) **ADVERSE EMPLOYMENT ACTION** means any termination, suspension, demotion, reprimand, warning letter, loss of pay, failure or refusal to hire, failure or refusal to promote, job reassignment, performance improvement program or plan, or other action or failure to act that adversely affects the Plaintiff's rights or interests and which is alleged in the **PLEADINGS**.

//

1    (g) **PLEADINGS** means the original or most recent amended version of any complaint,

2    answer, cross-complaint, or answer to cross-complaint.

3    (h) **BENEFIT** means any benefit from an **EMPLOYER**, including an "employee welfare

4    benefit plan" or "employee pension benefit plan" within the meaning of Title 29 United States

5    Code section 1002(1) or (2) or ERISA.

6    (I) **DOCUMENT** means all records, papers, and books, transcriptions, pictures, drawings

7    or diagrams of every nature, whether transcribed by hand or by some mechanical, electronic,

8    photographic or other means, as well as sound reproductions of oral statements or conversations by

9    whatever means made, whether in your actual or constructive possession or under your control or

10   not, **RELATING TO** or pertaining in any way to the subject matters in connection with which it is

11   used and includes originals, all file copies, all other copies, no matter how prepared, and all drafts

12   prepared in connection with such writing, whether used or not, including by way of illustration and

13   not by way of limitation, the following: books; records; reports; contracts; agreements; expense

14   accounts; canceled checks; catalogues; price lists; video, audio, and other electronic recordings;

15   memoranda (including written memoranda of telephone conversations, other conversations,

16   discussions, agreements, acts and activities); minutes; diaries; bulletins; electronic mail; facsimiles;

17   circulars; forms; pamphlets; notices; statements; journals; postcards; letters; telegrams; publications;

18   inter- and intra-office communications; photostats; photographs; microfilm; maps; drawings;

19   diagrams; sketches; analyses; electromagnetic records; transcripts; and any other documents within

20   defendants' possession, custody or control from which information can be obtained or translated, if

21   necessary, by detection devices into reasonably usable form, i.e., typed in English prose.

22   (j) **ADDRESS** means the street address, including the city, state, and zip code.

23   (k) **COMMUNICATION** means any and all inquiries, discussions, conferences,

24   conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters,

25   correspondence, notes, telegrams, facsimiles, electronic mail, memoranda, or other forms of

26   communications, including but not limited to both oral and written communications.

27   //

28   //

(l) RELATE TO, RELATING TO, CONCERNING, PERTAIN, and PERTAINING TO mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

(m) IDENTIFY, IDENTITY, IDENTIFYING, and IDENTIFICATION when referring to a PERSON mean to provide an identification sufficient to notice a deposition of such PERSON and to serve such PERSON with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known ADDRESS, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such PERSON, and relationship, if any, to the EMPLOYER.

(n) IDENTIFY, IDENTITY, IDENTIFYING, and IDENTIFICATION when used in reference to a writing or DOCUMENT mean to give a sufficient characterization of such writing or DOCUMENT to properly identify it in a request to produce and shall include, without limitation, the following information with respect to each such DOCUMENT: the date appearing on such DOCUMENT, and if it has no date, the answer shall so state and shall give the date or approximate date such DOCUMENT was prepared; the identity or descriptive code number, file number, title or label of such DOCUMENT; the general nature and description of such DOCUMENT, and if it was not signed, the answer shall so state and shall give the name of the PERSON or PERSONS who prepared it; the name(s) of the PERSON(S) to whom such DOCUMENT was addressed and the name of each PERSON other than such addressee to whom such DOCUMENT, or copies of it, were given or sent; the names of the PERSON(S) having present possession, custody, or control of such DOCUMENT; and whether or not any draft, copy or reproduction of such DOCUMENT contains any postscripts, notation, change or addendum not appearing on the DOCUMENT itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

## INTERROGATORY NO. 1.:

Please state the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories.

//

**INTERROGATORY NO. 2.:**

Please state all facts that form the basis of your April 5, 2004 memorandum to Defendant Weiner and Defendant Dal Cerro in the Bajaj matter.

**INTERROGATORY NO. 3.:**

Please state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of any fact identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 4.:**

Please state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making your April 5, 2004 memorandum to Defendant Weiner and Defendant Dal Cerro in the Bajaj matter.

**INTERROGATORY NO. 5.:**

Please state the **IDENTITY** of all **DOCUMENTS** relied upon in making your April 5, 2004 memorandum to Defendant Weiner and Defendant Dal Cerro in the Bajaj matter.

**INTERROGATORY NO. 6.:**

Please **IDENTIFY** the Plaintiff's specific job performance that played a role in each **ADVERSE EMPLOYMENT ACTION** decision.

**INTERROGATORY NO. 7.:**

Please **IDENTIFY** any rules, guidelines, policies, or procedures that were used to evaluate Plaintiff's specific job performance with the **EMPLOYER**.

**INTERROGATORY NO. 8.:**

For each job position held by Plaintiff with the **EMPLOYER** from January 1, 2003 through the present, please **IDENTIFY** any written description of the position requirements that was provided to Plaintiff.

**INTERROGATORY NO. 9.:**

If you contend Plaintiff was required to meet a minimum standard of productivity in each job position held with the **EMPLOYER** from January 1, 2003 through the present, please state what that minimum standard of productivity was.

//

## INTERROGATORY No. 10.:

Please state the **IDENTITY** of all **DOCUMENTS** provided to Plaintiff that state the minimum standard of productivity in each job position held with the **EMPLOYER** from January 1, 2003 through the present.

## INTERROGATORY No. 11.:

For each minimum standard of productivity stated, please state the name, **ADDRESS**, and telephone number of each **PERSON** who was subject to each minimum standard of productivity.

## INTERROGATORY No. 12.:

Please state every occasion in 2003 and 2004 on which you provided to Plaintiff any positive comment about his work or work performance.

## INTERROGATORY No. 13.:

Please **IDENTIFY** every **DOCUMENT** prepared by Plaintiff during his **EMPLOYMENT** with the **EMPLOYER** which you reviewed and thereafter did not make any comment on it.

## INTERROGATORY No. 14.:

Please **IDENTIFY** each matter on which Plaintiff worked during 2003 and 2004 during his **EMPLOYMENT** with the **EMPLOYER** which was reassigned to another attorney of the **EMPLOYER.**

## INTERROGATORY No. 15.:

For each matter identified in response to Interrogatory No. 13, please state every fact considered in reassigning the matter.

## INTERROGATORY No. 16.:

Please state the name, **ADDRESS**, and telephone number of each **PERSON** who has knowledge of any fact identified in response to Interrogatory No. 14.

## INTERROGATORY No. 17.:

Please state the name, **ADDRESS**, and telephone number of each **PERSON** who participated in making each decision to reassign any matter identified in response to Interrogatory No. 14.

//

//

**INTERROGATORY NO. 18.:**

Please state the name, **ADDRESS**, and telephone number of each **PERSON** who provided any information relied upon in making each decision to reassign any matter identified in response to Interrogatory No. 14.

**INTERROGATORY NO. 19.:**

Please state the **IDENTITY** of all **DOCUMENTS** relied upon in making each decision to reassign any matter identified in response to Interrogatory No. 14.

**INTERROGATORY NO. 20.:**

Please state the name of any **PERSON** who, after Plaintiff's leave of absence, has performed any duties previously performed by Plaintiff in Plaintiff's last job position with the **EMPLOYER**.

**INTERROGATORY NO. 21.:**

Please state all job responsibilities of a "senior attorney" or "supervising attorney," as those terms are used interchangeably, within the **EMPLOYER'S** Office of the Chief Trial Counsel.

**INTERROGATORY NO. 22.:**

Please **IDENTIFY** all **DOCUMENTS** which state the job responsibilities of a "senior attorney" or "supervising attorney," as those terms are used interchangeably, within the **EMPLOYER'S** Office of the Chief Trial Counsel.

**INTERROGATORY NO. 23.:**

Please state the authority of a "senior attorney" or "supervising attorney," as those terms are used interchangeably, within the **EMPLOYER'S** Office of the Chief Trial Counsel.

**INTERROGATORY NO. 24.:**

Please **IDENTIFY** all **DOCUMENTS** which state the authority of a "senior attorney" or "supervising attorney," as those terms are used interchangeably, within the **EMPLOYER'S** Office of the Chief Trial Counsel.

//

//

## INTERROGATORY NO. 25.:

Please IDENTIFY all DOCUMENTS provided to EMPLOYEES of the EMPLOYER'S Office of the Chief Trial Counsel which contain the job responsibilities and authority of a "senior attorney" or "supervising attorney," as those terms are used interchangeably.

Dated:   10-6-04

MAYO & ROGERS

By:

RICHARD M. ROGERS
Attorneys for Plaintiff

1  | *Konig v. State Bar, et al.* | USDC No. C04-2210 MJJ [ECF]

2  PROOF OF SERVICE

3  I declare that:

4  I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 114 Sansome Street, #1310, San Francisco, California, 94104.

5  On October 7, 2004, I served the documents named below on the parties in this action as follows:

6  Interrogatories – Defendant Blumenthal – Set One

7  James M. Wagstaffe, Esq.
8  Kerr & Wagstaffe, LLP
   100 Spear Street, #1800
9  San Francisco, CA 94105
   415/371-0500 (FAX)

10

11  X   (BY MAIL) I caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice of Mayo

12  & Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same

13  day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after

14  date of deposit for mailing in affidavit.

15  X   (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above. The transmission was complete without error, and a copy of the

16  transmission report properly issued by the transmitting facsimile machine is attached hereto.

17  ―   (BY PERSONAL SERVICE)  I caused to be delivered by hand each such envelope to the addressee(s) noted above.

18  ―   (BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier

19  service each such envelope to the addressee(s) noted above.

20  X   **I certify that the above-referenced documents were produced on paper purchased as recycled.** **[Superior Court Rule 201(d), Appellate Rule 40(o)]**

21  I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.      Executed on October 7, 2004, at San Francisco, California.

22

23  Deborah R. Rocha

24

25  Post-It™ Fax Note   7671 | Date 10/7 | # of pages ▶ 16
   To | From
26  Co./Dept. | Co.
   Phone # | Phone #
27  Fax # | Fax #

28

POS.DOC

* * * Transmission Result Report(MemoryTX) ( Oct. 7. 2004 10:40AM ) * * *

1)
2)

Date/Time: Oct. 7. 2004 10:29AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2019 | Memory TX | 3710500 | P. 10 | OK | |

Reason for error
E.1) Hang up or line fail
E.3) No answer
E.2) Busy
E.4) No facsimile connection

---

USDC No. C04-2210 MJJ (ECE)

*Kanig v. State Bar, et al.*

PROOF OF SERVICE

I declare that:

I am employed in the County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 114 Sansome Street, #1310, San Francisco, California. 94104.

On October 7, 2004, I served the documents named below on the parties in this action as follows:

Interrogatories – Defendant Blumenthal – Set One

James M. Wagstaffe, Esq.
Kerr & Wagstaffe, LLP
100 Spear Street, #1800
San Francisco, CA 94105
415/371-0500 (FAX)

X  (BY MAIL) I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice of Mayer & Rogers for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

X  (BY FACSIMILE) I caused to be sent via facsimile transmission a copy of each such document to the addressee(s) noted above. The transmission was complete without error, and a copy of the transmission report properly issued by the transmitting facsimile machine is attached hereto.

—  (BY PERSONAL SERVICE) I caused to be delivered by hand each such envelope to the addressee(s) noted above.

—  (BY FEDERAL EXPRESS) I caused to be delivered to Federal Express for overnight courier service each such envelope to the addressee(s) noted above.

X  I certify that the above-referenced documents were produced on paper purchased as recycled. [Superior Court Rule 201(d), Appellate Rule 40(a)]

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on October 7, 2004, at San Francisco, California.

Deborah R. Roemo