IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN KONIG, | No. C-04-2210 MJJ |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART REMAINING PORTION OF NON-PARTY PHILIP KAY'S MOTION FOR LEAVE TO INTERVENE AND TO UNSEAL RECORDS; VACATING HEARING** |
| v. | |
| LAWRENCE J. DAL CERRO, | |
| Defendants / | |

Before the Court is non-party Philip E. Kay's ("Kay") motion "for Leave to Intervene and to Unseal Records," filed February 18, 2009. Defendants State Bar of California, Lawrence J. Dal Cerro, Russell Weiner, Allen Blumenthal, and Robert Hawley (collectively, "State Bar") have filed opposition, to which Kay has replied.[1] Having read and considered the papers filed in support of and in opposition to the motion, the Court finds the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for March 13, 2009, and rules as follows.

**A. Leave to Intervene**

Kay seeks leave to intervene in the instant action for the limited purpose of seeking an order unsealing documents previously filed under seal, and the State Bar does not

---

[1] Additionally, Kay has filed a "Statement of Non-Opposition," in which Kay states that plaintiff Alan Konig ("Konig") is not opposed to the instant motion.

1 oppose such request.

2     Kay, as a member of the "general public," is entitled "to be heard on the question" of
3 whether sealed documents should have been "excluded" from the public record. See
4 Globe Newspapers Co. v. Superior Court, 457 U.S. 596, 609 n. 25 (1982). Accordingly,
5 Kay's motion for leave to intervene will be granted.

6 **B. Sealing of Records**

7     The above-titled action was filed on June 4, 2004, and judgment in favor of the State
8 Bar was entered October 17, 2005. By the instant motion, Kay seeks an order unsealing
9 twenty-three documents that, pursuant to court order, were filed under seal in support of or
10 in opposition to two dispositive motions filed by the State Bar.

11     On March 2, 2009, the parties filed a stipulation resolving in large part the instant
12 motion. Specifically, the parties agreed therein that (1) certain of the twenty-three
13 documents, or portions thereof, should be filed in the public record, and (2) references to
14 the names of certain third-parties in the subject filings should remain under seal in light of
15 state law providing for the confidentiality of such names. By order filed March 3, 2009, the
16 Court approved the parties' stipulation. As a result of said stipulation and order, the only
17 remaining issue is whether seven documents filed by the State Bar, each of which was filed
18 in support of a motion for partial summary judgment, should be unsealed.[2]

19     Having conducted an in camera review of the seven documents, the Court finds
20 each such document consists in its entirety of the work product of the State Bar, and,
21 consequently, protection of such "client confidences" is "in the public interest." See Davis

22

23     [2]The seven documents are as follows: (1) the document bates-stamped DEF
24 01294-01298, attached to Exhibit D to the Declaration of Emilia Mayorga, Document No. 95 ("Mayorga Decl."), and also filed as Exhibit O to the Declaration of Lawrence J. Dal Cerro,
25 Document No. 96 ("Dal Cerro Decl."); (2) the document bates-stamped DEF 01300-01308, attached to Exhibit D of the Mayorga Decl.; (3) the document bates-stamped DEF 01310-
26 01318, attached to Exhibit D to the Mayorga Decl.; (4) the document bates-stamped DEF 01985-01991, attached to Exhibit F to the Mayorga Decl.; (5) the document bates-stamped
27 DEF 02077-02094, attached to Exhibit F to the Mayorga Decl., and also filed as Exhibit BB to the Dal Cerro Decl.; (6) the document bates-stamped DEF 02112-02117, attached to
28 Exhibit F to the Mayorga Decl.; and (7) the document bates-stamped DEF 13745-13775, filed as Exhibit K to the Declaration of Allen Blumenthal, Document No. 97.

2

1  v. O'Melveny & Myers, 485 F.3d 1066, 1080-81 (9th Cir. 2007) (internal quotations and
2  citations omitted).  Further, in light of the nature of the claims alleged by Konig, the Court
3  finds the State Bar did not, by filing the seven documents in connection with its motion for
4  partial summary judgment, waive its right to protect its work product.  See General
5  Dynamics Corp. v. Superior Court, 7 Cal. 4th 1164, 1191 (1994) (holding where in-house
6  attorney sues employer for wrongful termination, "attorney-client privilege should continue
7  to be strictly observed"; stating "use of sealing and protective orders" are "some of the
8  measures" courts should employ to "minimize the dangers to the legitimate privilege
9  interests the trial of such cases may present"); Diversified Group, Inc. v. Daugerdas, 217
10 F.R.D. 152, 161 n.7 (S.D. N.Y. 2003) (holding where client sued attorney and "disclosure of
11 confidential communications was inevitable," parties' filing under seal of "privileged
12 information" in connection with motion for summary judgment did not constitute waiver of
13 privilege).
14         Additionally, the Court finds the State Bar has sufficiently demonstrated that
15 "compelling reasons" justifying sealing of the seven documents continue to exist.  See
16 Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding
17 "party seeking to seal a judicial record" must "articulate compelling reasons" to support
18 request to seal).  Specifically, the State Bar asserts it relied on the Protective Order, issued
19 September 23, 2004 by the Honorable Martin J. Jenkins, which order protected all work
20 product produced in the above-titled action by the parties thereto.  (See Stipulated
21 Protective Order at 2:19-3:21.)  The State Bar's reliance on said order was reasonable in
22 light of the nature of Konig's claims, which necessitated the State Bar's disclosure of work
23 product in defending against the claims herein.  See Foltz v. State Farm Mutual Automobile
24 Ins. Co., 331 F.3d 1122, 1137-38 (9th Cir. 2003) (finding party's reliance reasonable where
25 court order protected work product party was "required to produce" in order to present its
26 defense; holding such reliance constituted "compelling reason" to "justif[y] maintaining a
27 seal on" such material).  Moreover, the Court notes that the sealing herein of the seven
28 documents does not preclude Kay from obtaining said documents in another action, if he is

otherwise entitled to such disclosure therein.  See id. at 1138 (holding sealing order "does not foreclose independent discovery in any collateral litigation").[3]

Lastly, to the extent Kay argues there may exist public policy interests, such as the public's right to be apprised of a public agency's malfeasance, the Court, having reviewed the work product documents at issue, finds such countervailing policy interests are not implicated by any of said documents.

Accordingly, the remaining portion of Kay's motion to unseal will be denied.

**CONCLUSION**

For the reasons stated above, the remaining portion of Kay's motion for leave to intervene and to unseal documents is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent Kay seeks leave to intervene herein for the limited purpose of filing the instant motion, the motion is hereby GRANTED.

2. To the extent Kay seeks an order unsealing documents, other than those documents ordered unsealed by the Court's March 3, 2009 order, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] As the Court stated in its February 25, 2009 order, any issue pertaining to whether the material sought is discoverable or admissible in Kay's pending State Bar proceeding should be directed to the appropriate state forum.

4